THE STATE, EX REL. DOLLISON, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLANT, *v.* REDDY, LAW DIRECTOR, APPELLEE.

[Cite as State, ex rel. Dollison, v. Reddy (1978), 55 Ohio St. 2d 59.]

(No. 77-1374—Decided July 12, 1978.)

*Mr. William J. Brown*, attorney general, and *Mr. Mark A. Stanton*, for appellant.

*Mr. Paul A. Grau*, for appellee.

*Per Curiam.* Neither this court nor the Court of Appeals has discretion to decline jurisdiction of an action in mandamus. *State, ex rel. Pressley*, v. *Indus. Comm.*

(1967), 11 Ohio St. 2d 141. Whether the writ should be allowed in a given case is discretionary with the court.

Mandamus is available to the relator in the present cause, even though he might have sought a declaratory judgment. The availability of a declaratory judgment action does not bar the issuance of a writ of mandamus when the relator otherwise makes a proper showing, although the court may consider the availability of declaratory judgment as one element in exercising its discretion whether the writ should issue.

This court proceeds to enter the judgment which the Court of Appeals should have entered, by issuing the writ as prayed for. The law director of the city of Garfield Heights has a clear duty under R. C. 1901.34 to represent the registrar in license-suspension cases under R. C. 4507.-40 and 4511.191.

The issue is confused by the fact that most of R. C. 1901.34 concerns legal representation in criminal cases, whereas this court has said that proceedings under R. C. 4511.191 are civil in nature. *Kettering* v. *Baker* (1975), 42 Ohio St. 2d 351. However, the part of R. C. 1901.34 that creates the law director's duty does not refer to criminal cases at all. Actually it is quite general: "The city director of law shall perform the same duties, as far as they are applicable thereto, as are required of the prosecuting attorney of the county." One of the duties "required of the prosecuting attorney" is to represent the registrar in most license-suspension cases under R. C. 4507.40 and 4511.191 when the petition is filed in the county court. But, when the petition is filed in the Municipal Court, the duty is "applicable," not to the prosecuting attorney, but to "the city or director of law," because R. C. 4507.40 and 4511.191 both state that "[i]f the petition is filed in the municipal court, the registrar shall be represented as provided in section 1901.34 of the Revised Code."

The mere existence of a declaratory judgment action as an alternative remedy does not justify a decision not to grant the writ in a case such as this. Here, there is no special reason why relator should be required to pursue the

remedy of declaratory judgment. Cf. *State, ex rel. Bennett* v. *Lime,* 55 Ohio St. 2d 62, decided this day. To the contrary, respondent's failure to carry out his statutory duties has impaired the registrar's ability to enforce R. C. 4507.40 and 4511.191. Those statutes are designed to protect the public safety by preventing the recurrence of traffic violations. The registrar can not enforce those sections without legal counsel. Therefore, a speedy resolution is required, and it would be an abuse of discretion for a court with mandamus jurisdiction to deny the writ and require relator to pursue the time-consuming course of bringing an action for a declaratory judgment in the Court of Common Pleas.

The judgment of the Court of Appeals is reversed and the writ is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE, W. BROWN and LOCHER, JJ., dissent.

CELEBREZZE, J., dissenting. Pursuant to R. C. 1901.34, a city law director has the clear legal duty to prosecute all *criminal* cases brought before the municipal court for his locality. However, this court has repeatedly stated that proceedings brought under R. C. 4511.191 are civil and administrative in nature. See *State* v. *Starnes* (1970), 21 Ohio St. 2d 38; *Kettering* v. *Baker* (1975), 42 Ohio St. 2d 351; *Andrews* v. *Turner* (1977), 52 Ohio St. 2d 31. Proceedings brought under R. C. 4507.40, on the issue of the suspension of driving privileges, are also clearly civil in nature. Therefore, because R. C. 1901.34 does not mandate that a city law director represent the Registrar in *civil* proceedings, I must disagree with the decision reached by the majority herein. I would deny the writ of mandamus.

W. BROWN and LOCHER, JJ., concur in the foregoing dissenting opinion.