62

THE STATE, EX REL. BENNETT ET AL., APPELLANTS, *v.* LIME, AUDITOR, ET AL., APPELLEES.

[Cite as State, ex rel. Bennett, v. Lime (1978), 55 Ohio St. 2d 62.]

(No. 77-1366—Decided July 12, 1978.)

*Mr. Paul Mancino, Jr.*, and *Mr. Burt H. Sagen*, for appellants.

*Mr. Andrew Boyko*, law director, and *Mr. Stephen P. Bond*, for appellees.

WILLIAM B. BROWN, J. The main issue raised by this cause is whether a writ of mandamus should issue to compel the city to pay relators their full salaries as police officers for the period they are on active military duty.

Two of the relator-appellants have already been allowed to pursue declaratory judgment relief in the Court of Common Pleas of Cuyahoga County, and the third could have been joined in that action and can be joined in any appeal of that action. Civ. R. 21.

"Neither this court nor the Court of Appeals has discretion to decline jurisdiction of an action in mandamus. *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631. Whether the writ should be allowed or denied in a given case is discretionary with the court.

"*** The availability of a declaratory judgment action does not bar the issuance of a writ of mandamus when the relator otherwise makes a proper showing, although the court may consider the availability of declaratory judgment as one element in exercising its discretion whether the writ should issue." *State, ex rel. Dollison*, v. *Reddy* ( 1978), 55 Ohio St. 2d 59.

This court concludes that where parties to a mandamus action are also parties, or may be joined as parties, in a previously filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion, may refuse to issue a writ of mandamus.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.