GOSS, A.K.A. CONDRIC, APPELLANT, *v.*
CINCINNATI INSURANCE COMPANY;
MOTORISTS MUTUAL INSURANCE
COMPANY ET AL., APPELLEES.

(No. 49824 — Decided
December 16, 1985.)

*Paul B. Bellamy* and *Roger D. Heller,* for appellant.

*Donald H. Switzer,* for appellees.

PRYATEL, J.  This is the second time this case is before our court. The substantive facts remain the same. The procedural history is germane to the resolution of the issue presented.

The record discloses the following evidence. On August 12, 1978, an automobile operated by Susan Goss, plaintiff-appellant, was involved in a collision in the Richmond Mall parking lot with a vehicle operated by Rachel Baskind and occupied by Helen Novak. Baskind and Novak filed a complaint against Goss and Arko Auto Sales. The complaint alleged that Goss negligently operated the vehicle (a 1973 Dodge automobile) and that the vehicle was "negligently entrusted" to Goss by Arko Auto Sales.

On March 24, 1981, Goss filed a complaint for declaratory relief and damages against Motorists Mutual Insurance Company and Jerry Arko, d.b.a. Arko Auto Sales.[1] Goss claimed that the 1973 Dodge automobile she was operating at the time of the 1978 collision was loaned to her (as a replacement for Goss' 1973 Buick automobile) by its owner Jerry Arko, d.b.a. Arko Auto Sales. Goss further maintained that she was covered by the Motorists Mutual Insurance Company ("Motorists") policy issued to the named insured, Jerry Arko, d.b.a. Arko Auto Sales.

Goss asked the trial court to determine whether Motorists wrongfully refused to defend her in the suit filed by Baskind and Novak. Goss further sought reimbursement for attorney fees and other costs of defense incurred in connection with defending that suit.

On August 10, 1981, the trial court granted Goss' motion for leave to file a supplemental complaint (in effect, a substituted complaint) which alleged the exact claims as set forth in the original complaint but specified the amount of attorney fees ($4,886.25) and costs ($264.20) incurred thus far in defense of the Baskind/Novak personal injury lawsuit.

Throughout the proceedings, Motorists and Jerry Arko (its named insured) denied that Arko *loaned* the 1973 Dodge

---

[1] The complaint also named Cincinnati Insurance Company, Erie Insurance Group, Rachel Baskind and Helen Novak as parties. Cincinnati Insurance Company was dismissed with prejudice by stipulation of the attorneys for the respective parties. The case was settled with respect to Baskind, Novak and Erie Insurance Group.

automobile to Goss. Instead, they maintained that Goss *purchased* the Dodge automobile from Arko Auto Sales.

Motorists attached to its trial brief a copy of a used car order signed by Goss for the 1973 Dodge and an application by the purchaser (Goss) for Ohio temporary plates. Motorists also attached a copy of a garage insurance policy issued by Motorists to Arko, the named insured. The policy contains the following relevant provisions:

"The company [Motorists Mutual] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury or * * * property damage to which this insurance applies caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded as indicated on the schedule, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are *groundless, false or fraudulent,* * * *.

"None of the following is an insured:
"* * *

"(iii) any person * * * other than the named insured [Arko], with respect to any automobile
"* * *

"(b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale." (Emphasis added.)

In returning its verdict for Arko on its consumer fraud action (which had been consolidated with the declaratory relief suit), the jury found (in answer to an interrogatory) that Arko *sold* (rather than loaned) the 1973 Dodge automobile to Goss.

Motorists and Arko then filed a motion to dismiss Goss' supplemental complaint. They argued that Motorists was not required to defend Goss since Goss *purchased* the 1973 Dodge and was not an insured. The trial court granted this motion which gave rise to Goss' first appeal where she claimed that the personal injury complaint alleged circumstances covered by the policy which required the insurer to provide her with a defense. However, another panel of this court rejected Goss' claim holding that Goss was a noninsured; hence, Motorists owed Goss no duty to defend her. In so concluding, that panel stated:

"* * * [T]he claimant's pleading usually has no weight in determining whether a particular individual is an insured person under the policy terms. Allegations in the claimant's pleading cannot establish the adverse party's status as an insured for a liability policy, even if they expressly allege such coverage.

"The status of any person as an insured within the policy terms is a matter for proof if it is disputed. Allegations in the claimant's pleading will not suffice. * * * [Citations omitted.]

"Arko Auto Sales was undoubtedly an insured by the terms of this policy, so the defendant insurer owed Arko a defense against that suit.

"However, the defendant insurer owed no duty to defend or indemnify a non-insured. The jury found that Goss was operating the car as a result of a sale transaction between Arko and Goss. Goss does not challenge that finding. Therefore, the court properly determined that Goss was not an insured under this policy, * * *. The contrary allegation in the personal injury pleading does not change the result." *Goss* v. *Cincinnati Ins. Co.* (Sept. 1, 1983), Cuyahoga App. No. 46386, unreported, at pages 4-5.

Goss' motion to certify the record was allowed by the Supreme Court of Ohio, and the court, without a written opinion, entered the following judgment:

"* * * Judgment reversed and cause

remanded on authority of *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, decided this date. * * *" See Ohio Official Reports Advance Sheets, Feb. 20, 1984, at page A-3, case No. 83-1712.

Motorists and Arko filed a motion for rehearing where they argued that the *Willoughby Hills* case was not dispositive of the issues that were before the court. That motion was denied.

Upon remand, Motorists and Arko filed a motion for summary judgment and a motion to dismiss Goss' supplemental complaint. Once again, they argued that Goss was not an insured under the Motorists policy; hence, she was not entitled to a defense from Motorists. They further maintained that the *Willoughby Hills* case is not applicable since it expanded the scope of liability of an insurance company's duty to defend *its insured*. They argued that the more recent case of *Zanco, Inc.* v. *Michigan Mut. Ins. Co.* (1984), 11 Ohio St. 3d 114, clearly demonstrates that Goss was not entitled to a defense.

On January 14, 1985, the trial court granted Motorists' and Arko's motion for summary judgment as well as their motion to dismiss Goss' supplemental complaint.

Goss filed the instant appeal assigning one error:

"The trial court erred in granting appellee Motorist Mutual's motions for summary judgment and for dismissal when the Supreme Court of Ohio had clearly and unequivocally rejected the arguments asserted in said motions having reversed and remanded said cause in favor of appellant."

Appellant Goss' sole contention is that the trial court erred in failing to apply the substantive law and in not following the dictates of the Supreme Court of Ohio. In essence, Goss interprets the Supreme Court's mandate to "reverse and remand" on authority of *Willoughby Hills* v. *Cincinnati Ins. Co.*

(1984), 9 Ohio St. 3d 177, as a decision in her favor with a remand on the issue of damages only (*i.e.*, attorney fees and other costs incurred in connection with the litigation).

However, appellees Motorists and Arko maintain that the purpose of the Supreme Court of Ohio's reversal and remand was in order for the trial court to determine whether the *Willoughby Hills* case is applicable.

The issue presented by this appeal revolves around the interpretation of the Supreme Court of Ohio's decision. To begin our analysis, we must review the *Willoughby Hills* case, which reads at 180:

"* * * [W]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is *potentially* or *arguably* within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the 'scope of the allegations' may encompass matters well outside the four corners of the pleadings." (Emphasis added.)

Appellees Motorists and Arko maintain that *Willoughby Hills* is inapplicable to the case at bar since *Willoughby Hills* involved an action against a known insured, a position undoubtedly argued and rejected in appellees' motion for rehearing to the Supreme Court. According to appellees, the decision of *Zanco, supra,* is controlling and establishes that Motorists was not required to provide appellant with a defense.

We find that the *Zanco* decision is distinguishable from the instant case. In *Zanco,* the Supreme Court of Ohio held that an insurance company has no duty to defend where the claims raised by the insured are specifically excluded from coverage.

Unlike *Zanco,* the instant case does not involve the application of an *exclu-*

*sion* from coverage which would relieve the insurer of its obligation to defend. Instead, it concerns the question of whether an insurer owes the duty to defend a party alleged to be an insured.

Following the Supreme Court of Ohio decision in *Goss,* the Supreme Court decided *Liberty Mut. Ins. Co.* v. *Allstate Ins. Co.* (1985), 16 Ohio St. 3d 8. The Ninth Appellate District opinion (*Liberty Mut. Ins. Co.* v. *Allstate Ins. Co.* [Apr. 25, 1984], Summit App. No. 11275, unreported) reveals the following underlying facts.

George Kopka, while employed by General Tire and Rubber Company ("General"), was involved in an automobile collision which occurred while Kopka was driving his personal car from lunch with his supervisor. The collision caused the death of the individual in the other automobile. A wrongful death action was filed against Kopka and General. The complaint alleged that Kopka was acting within the scope and course of his employment with General. Kopka held an automobile liability insurance policy with the Allstate Insurance Company ("Allstate"). General requested that Allstate provide a defense to the action against General. Allstate initially agreed, but then refused to defend General.

In the subsequent declaratory judgment action filed by General and its insurer (Liberty Mutual Insurance Company) against Allstate et al., the trial court concluded that Allstate owed General a defense. The Court of Appeals for Summit County affirmed and adopted the pleadings test, holding that it is "immaterial that a party is not in fact an insured so long as the complaint alleges facts which, if true, would make that party an insured. * * *" *Liberty Mut. Ins. Co.* v. *Allstate Ins. Co.,* *supra* (case No. 11275), at 4. Since the complaint raised a question of General's liability, Allstate was required to defend General.

The Supreme Court of Ohio "affirmed [the appellate decision] on authority of *Willoughby Hills* v. *Cincinnati Ins. Co., supra,* and *Goss* v. *Cincinnati Ins. Co., supra.*" *Liberty Mut. Ins. Co.* v. *Allstate Ins. Co., supra* (16 Ohio St.3d 8).

The Supreme Court decision in *Liberty Mutual* establishes the result the Supreme Court intended in the instant case. Since the Supreme Court affirmed the appellate decision in *Liberty Mutual* on authority of *both Willoughby Hills* and *Goss,* it is clear that the court considers the *Goss* decision to be analogous to *Willoughby Hills* and stand for the proposition that an insurance company has a duty to defend when the allegations in the underlying complaint "potentially or arguably" render the individual within the policy coverage.

We conclude that the Supreme Court of Ohio sustained appellant's position and remanded on the issue of damages only. Therefore, the trial court erred in ruling in favor of appellees.

As stated in *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1, syllabus:

"Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. (*State, ex rel. Potain,* v. *Mathews,* 59 Ohio St. 2d 29, 32 [13 O.O. 3d 17], approved and followed.)"

· The instant action is reversed in favor of appellant on the issue of the insurance company's duty to defend and the cause is remanded for a determination of the amount of attorney fees and costs due appellant.

*Judgment reversed*
*and cause remanded.*

PARRINO, C.J., and MARKUS, J., concur.