THE STATE, EX REL. SHEETS, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 86AP-919—Decided February 26, 1987.)

*Chester T. Freeman Co., L.P.A.,* and *Chester T. Freeman,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Dennis Hufstader,* for respondent Industrial Commission of Ohio.

*Kinder, Harper & Hazlett* and *Thomas M. Hazlett,* for respondent Picoma Industries, Inc.

McCORMAC, J., Relator, Carl R. Sheets, Jr., filed a complaint seeking a writ of mandamus in this court alleging that he is the claimant in a claim filed with the state of Ohio, Bureau of Workers' Compensation, and the Industrial Commission of Ohio, being identified as claim No. 753660-22. He

further states that, on May 26, 1981, he sustained an injury arising out of his employment and that his claim was allowed for a condition described as "sprained right thoracics." Subsequently, he states that he filed a C-85A "Application to Re-Activate" his claim on February 20, 1986, which report was completed by Earl N. Brown, Jr., a mechanotherapist, and that the Industrial Commission denied the application solely upon the reason that the application must be signed by a treating physician. Relator alleges that the Industrial Commission abused its discretion in denying his application because a mechanotherapist is a licensed practitioner in the state of Ohio and a licensed practitioner in accordance with the rules and regulations of the Industrial Commission of Ohio and, as such, is entitled to submit reports and to otherwise act as a physician of record for relator.

Respondent, Industrial Commission of Ohio, filed a motion to dismiss for lack of jurisdiction to issue the requested writ of mandamus on the basis that relator has an adequate remedy of law to rectify the alleged abuse of discretion by way of a declaratory judgment action.

On December 5, 1986, the referee rendered his report recommending that the court dismiss the complaint based upon a finding that it is without jurisdiction to render a declaratory judgment which he found to be the real relief sought by relator.

Relator has objected to the report of the referee on the basis that mandamus is a proper remedy to correct an abuse of discretion which directly affected relator in the selection of the licensed practitioner who was to treat him and in the payment and recognition of his claim supported by a report of that licensed practitioner.

The objection to the referee's report is sustained. Even though the rights of mechanotherapists to practice before the Industrial Commission can be determined by a declaratory judgment action, as we held in the case of *State, ex rel. Bedocs,* v. *Indus. Comm.* (Nov. 25, 1986), No. 86AP-497, unreported, this case, contrary to *Bedocs,* addresses the specific rights of a claimant which are claimed to have been grossly abused by the Industrial Commission in refusing to consider the report of a licensed practitioner who treated him. Hence, it is conceivable that relator may show that he has a clear legal right to have the Industrial Commission rule upon the merits of his C-85A application, which was signed by a mechanotherapist from whom he was receiving treatment. The fact that an additional remedy of declaratory judgment may be available does not bar the issuance of a writ of mandamus. See *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 9 O.O. 3d 67, 378 N.E. 2d 150. In this instance, the rights of relator will be most expediently addressed by considering whether, after evidence is submitted, relator's rights to be treated by a mechanotherapist and to have his reports considered were violated resulting in an abuse of discretion. Hence, despite the possible availability of a declaratory judgment action, the court will exercise jurisdiction to determine whether relator can prove the elements of mandamus.

It is noted that R.C. 4731.15, pertaining to limited practice, authorizes the State Medical Board to examine and license practitioners of mechanotherapy. It is further provided by R.C. 4731.15 that the State Medical Board shall establish rules governing such limited practice. In response to that mandate, the State Medical Board promulgated Ohio Adm. Code 4731-1-07, pertaining to the scope of practice of mechanotherapy. That rule provides, as pertinent, as follows:

"(A) A practitioner of mechanotherapy shall examine patients only by verbal inquiry, examination of the musculoskeletal system by hand, and visual inspection and observation. A practitioner of mechanotherapy shall specifically not employ any techniques which involve extraction or analysis of body tissue or fluids.

"(B) A practitioner of mechanotherapy shall not diagnose a patient's condition except as to whether or not there is a disorder of the musculoskeletal system present."

Thus, under the law of Ohio, a mechanotherapist can, without authorization of a medical doctor, diagnose certain conditions and render certain treatment therefor.

While the evidence in relation to this claim is not before us yet, the Industrial Commission in its rules has recognized mechanotherapists as licensed practitioners and has provided, as such, that they may render or directly supervise treatment and so certify to the Industrial Commission. Licensed practitioners who accept an Industrial Commission case have an obligation to submit a report to the Bureau of Workers' Compensation.

It is claimed that the Industrial Commission has arbitrarily and without legal authority by statute or duly authorized rule refused to recognize reports of mechanotherapists without approval by a medical doctor. Proof has not yet been submitted as the case has not reached the evidence stage.

The action herein is not a declaratory judgment action. What is sought to be determined is whether the Industrial Commission has abused its discretion as regards its action in respect to relator's motion. There may be a basis for the Industrial Commission to refuse to recognize relator's motion if the condition for which he was treated was one that mechanotherapists are not permitted to diagnose. If it was within the area of authority granted by statute and the rules of the medical board for the mechanotherapist to diagnose and to treat, it would appear that there was an abuse of discretion by the Industrial Commission to refuse to consider the report solely on the basis that the person signing it was a mechanotherapist absent some properly promulgated rule of the Industrial Commission that is not in conflict with R.C. 4731.15 and Ohio Adm. Code 4731-1-07.

The motion of the Industrial Commission to dismiss for lack of subject matter jurisdiction is overruled. The case is remanded to the referee for further procedure consistent with this opinion.

*Motion to dismiss overruled; case remanded to referee.*

YOUNG and BRYANT, JJ., concur.