The STATE ex rel. DAVIS

v.

CLEARY, Judge, Cuyahoga County Court of Common Pleas.

[Cite as *State ex rel. Davis v. Cleary* (1991), 77 Ohio App.3d 494.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61370.

Decided Sept. 30, 1991.

*Beverly J. Pyle,* County Public Defender, for relator.

*Stephanie Tubbs Jones,* County Prosecutor, and *George J. Sadd,* Assistant County Prosecutor, for respondent.

KRUPANSKY, Chief Justice.

Relator, Christopher Davis, commenced this mandamus action against respondent, Judge Patricia Cleary of the Court of Common Pleas of Cuyahoga County, to compel her to vacate his sentences for various firearm specifications as well as an indefinite sentence. The gravamen of his claim is that the judge did not follow the law of the case doctrine when she resentenced him after this court remanded the case. Judge Cleary has moved to dismiss the mandamus, and in response Davis has moved for summary judgment. For the following reasons, this court grants the judge's motion to dismiss, denies Davis's dispositive motion and dismisses the writ.

This case arises out of Davis's convictions for three counts of aggravated robbery, two counts of kidnapping, two counts of grand theft and one count of felonious assault, all with penalty-enhancing specifications. These convictions were for three separate armed robberies of women awaiting service at drive-through windows of fast food restaurants between October 24, 1987, and December 11, 1987. In the first incident Davis and his accomplice put a gun to Olwen Herold's head while she waited in line and forced their way into her car. They then compelled her to drive away, while they rummaged through her purse looking for a bank card in order to withdraw money from her account. When they discovered she did not have a bank card, they ordered her out of her car and drove away.

In the second incident Davis and his accomplice again forced entry into a car by putting a gun to Sandra Wingfield's neck. This time their victim had a bank withdrawal card, and they forced her to give them $300 from her account. Again they ordered the owner out of her own car and drove away. In the third incident, the accomplice approached the victim's car and threatened her with a gun. When she opened the door to let him in, he pushed the seat forward and the victim accelerated to get away. The accomplice wounded her in the head. The police apprehended Davis and his accomplice shortly after the third incident. At the time of the arrest, the police recovered a gun.

At trial Herold and Wingfield positively identified Davis as one of the assailants.[1] However, they could not identify the gun confiscated after the third incident as the gun which was used on them. The accomplice testified against Davis because he had entered into a plea bargain in which charges from the first two incidents were nolled in exchange for his testimony. Although Davis presented an alibi defense, the judge found him guilty on each count and all but two of the specifications. Specifically, Count 8 (grand theft of Olwen Herold's car) carried both firearm and violence specifications. On this count the judge found him guilty of the firearm specification, but not guilty on the violence specification.

The trial court sentenced Davis to consecutive terms of ten to twenty-five years' imprisonment for each aggravated robbery conviction, plus three consecutive terms of three years' imprisonment on the attendant gun specifications. The trial court further sentenced him to concurrent terms of ten to twenty-five years on the kidnapping counts and six to fifteen years for felonious assault. The court also imposed indefinite sentences of three to ten years for both counts of grand theft, plus three years for each remaining gun specification.

On appeal, *State v. Davis* (Dec. 21, 1989), Cuyahoga App. No. 56296, unreported, 1989 WL 155154, this court affirmed Davis's convictions, but reversed some of the sentences, several of which were the gun specifications for counts 3–8. In a previous decision, *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, the Ohio Supreme Court had ruled that prior to imposition of the three years' actual incarceration for possession of a firearm, the state must prove beyond a reasonable doubt that the firearm was operable or could readily be made so. Furthermore, the Supreme Court had held that the evidence (witnesses' observations of the unfired gun) was insufficient to establish that the gun was operable. Therefore, this court in Davis's appeal held that because neither of the two victims in counts 3–8 offered evidence that the gun drawn on them was operable, the state failed to prove the firearm specification beyond a reasonable doubt.

Additionally, this court ruled that an indefinite sentence for Count 8 was improper. Under R.C. 2929.11(G), an indefinite sentence may not be imposed unless the indictment contains a violence specification. This court reasoned that because the trial court found Davis not guilty of the violence specification, this indefinite sentence should be vacated. Accordingly, this court

---

1. Judge Carl Character presided at Davis's trial and originally sentenced him. Judge Cleary was assigned to the case after this court's remand.

reversed the indefinite sentence for Count 8 and the firearm specifications contained in Counts 3–8 and remanded the cause for resentencing.

On March 7, 1990, between the time of the remand and the resentencing, the Ohio Supreme Court issued *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, in which it explicitly modified *Gaines.* The court reaffirmed the principle that the state must prove beyond a reasonable doubt that the firearm was operable. However, this could now be established by a totality of the circumstances test, such as the description of the gun by eyewitnesses, the manner in which it was used, and threats made by the perpetrator.

Subsequently, Judge Cleary resentenced Davis. Relying upon *Murphy,* she reimposed the original sentence. She apparently reasoned *Murphy* essentially "reversed" this court's decision in Davis's appeal and allowed her to reinstate the firearm specifications and the entire original sentence.

Davis now argues that this court issued a clear mandate to the common pleas court to vacate the sentences for the gun specifications and the indefinite sentence. This mandate became final when the state failed to appeal the decision to the Ohio Supreme Court. In other words the decision then became the law of the case. At that time Judge Cleary had no discretion but to follow the mandate, and she exceeded her authority when she relied upon *Murphy* to reimpose the initial sentence. Therefore, the mandamus should issue because Judge Cleary had a clear legal duty to resentence pursuant to this court's mandate.

Although the courts of Ohio have recently reaffirmed the continued vitality of the law-of-the-case doctrine, they have also consistently noted that intervening decisions of superior courts present an exception to the doctrine. In *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 18, 391 N.E.2d 343, 345, the Ohio Supreme Court held: "A lower court has no discretion, absent extraordinary circumstances, to disregard the mandate of a superior court in a prior appeal in the same case. An example of such a circumstance would be where a holding of the Court of Appeals is inconsistent with an intervening decision by this court." In 1984 the Ohio Supreme Court reiterated this principle in the syllabus of the case, *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. This court fully acknowledged the principle in *Goss v. Cincinnati Ins. Co.* (1985), 26 Ohio App.3d 142, 26 OBR 359, 499 N.E.2d 24.

Furthermore, the courts have accepted intervening decisions as providing a proper basis upon which to reconsider appellate mandates. In *Svet v. Mayfield* (1989), 56 Ohio App.3d 17, 564 N.E.2d 735, the court of appeals reversed the granting of a summary judgment motion based on the statute of limitations in a workers' compensation matter. After the mandate had been issued,

the trial court again granted summary judgment on the statute of limitations because of an intervening Ohio Supreme Court decision interpreting the statute. On the second appeal, the appellate court overruled the assignment of error that the trial court erred in not following the law-of-the-case doctrine. The court of appeals ruled that the law-of-the-case doctrine "is not absolute. An intervening decision by the Supreme Court, as in this case, allows the trial court discretion to disregard the mandate of the appellate court." *Id.* at 18, 564 N.E.2d at 736. Similarly in *Milkovich v. News–Herald* (1989), 46 Ohio App.3d 20, 545 N.E.2d 1320, the trial court disregarded the mandate of the Ohio Supreme Court, when the high court overruled its previous decision. As in *Svet*, the court of appeals recognized the propriety of the trial court's action.[2]

▮ The requisites for mandamus are well established. Mandamus may issue only if the relator shows (1) he has a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested act, and (3) there is no plain and adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.

▮ In the present case mandamus is inappropriate because Davis has not established that Judge Cleary had a clear legal duty to perform the requested act. The Ohio Supreme Court's ruling in *Murphy* is an intervening decision which places this case in the exception to the law-of-the-case doctrine. Upon remand a court must follow the mandate of a superior court absent extraordinary circumstances. An intervening ruling by the Supreme Court is such a circumstance. The explicit modification of the *Gaines* decision provided the trial court with a basis to exercise discretion in complying with this court's mandate. Accordingly, there was no clear legal duty, and no corresponding clear legal right, to a sentence exactly following this court's decision in the underlying case.

▮ Moreover, mandamus is also inappropriate because relator has a plain and adequate legal remedy. Repeatedly, the courts have reviewed the law-of-the-case doctrine and the intervening decision exception through the means of appeal. *Dougherty v. Torrence* (1984), 10 Ohio St.3d 139, 10 OBR 460, 461

---

**2.** Ultimately, the United States Supreme Court reversed the decision of the court of appeals on other grounds. *Milkovich v. Lorain Journal Co.* (1990), 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1.

N.E.2d 1310, is an excellent example demonstrating appeal is a full and adequate remedy to address law-of-the-case issues. In *Dougherty,* after summary judgment had been granted to the defendant, the plaintiff appealed asserting only one assignment of error, but several issues for review. The court of appeals reversed on only one of the issues. On appeal the Ohio Supreme Court reversed and remanded, ordering the court of appeals specifically to consider certain issues. On remand the court of appeals chose not to address these issues, because it had fulfilled its duty by previously ruling on the only assignment of error. On the second *appeal,* the Ohio Supreme Court repeated its order to follow its mandate and rule on the other issues. Similarly, in *Nolan, Svet, Goss, Milkovich,* and *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390, the courts fully and fairly addressed the enforcement of mandates or law-of-the-case issues. Therefore, appeal is an adequate remedy to enforce mandates, and Davis has not established the other requisite for mandamus.[3]

Accordingly, the respondent's motion to dismiss is granted, the relator's motion for summary judgment is denied, and the writ is dismissed.

*Writ dismissed.*

MATIA, J., concurs.

---

**3.** Although the parties did not cite *Potain, supra,* it was the only case this court could discover in which a court used mandamus to enforce a mandate in the law-of-the-case context. All other cases involved direct appeal. After reviewing *Potain* this court believes that the Ohio Supreme Court exercised its inherent discretion for issuing mandamus in that case. See *State ex rel. Dollison v. Reddy* (1978), 55 Ohio St.2d 59, 9 O.O.3d 67, 378 N.E.2d 150, and *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 63, 9 O.O.3d 69, 70, 378 N.E.2d 152, 153: "Whether the writ should be allowed or denied in a given case is discretionary with the court." In the present case this court in its discretion follows the Ohio Supreme Court's admonition in *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 36 O.O.2d 75, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957, 87 S.Ct. 1022, 18 L.Ed.2d 104, and will not issue the writ when appeal could afford an adequate remedy.