ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On November 24, 2003, the relator, William D. Mason, Cuyahoga County Prosecutor, commenced this mandamus action against the respondent, Judge Daniel Gaul, to compel the judge to impose the original sentence of incarceration upon Jacqueline Clark, the defendant in the underlying case, State of Ohio v.Jacqueline Clark, Cuyahoga County Common Pleas Court Case No. CR-409306. On January 26, 2004, Judge Gaul filed his reply. For the following reasons, this court grants the writ and orders the respondent judge to impose the original sentence.
 {¶ 2} On February 19, 2002, a jury convicted Clark of child endangerment and involuntary manslaughter of a two-year-old boy.[1] When the respondent judge sentenced Clark, who was then in her early sixties, he stated that a lengthy incarceration was not appropriate, but that some prison time was necessary lest the seriousness of the offense be demeaned. He imposed concurrent sentences of three years for involuntary manslaughter and one year for child endangerment. The judge also opined that he had certain options regarding judicial release which he would consider at a later time.
 {¶ 3} On June 10, 2002, Clark's attorney filed a motion for reconsideration and argued for her release because of her age and physical condition. At the hearing on this motion, the respondent judge stated that his intention had been for Clark to serve only a brief period of incarceration. He further noted that because her offenses did not permit judicial release for six months, he had suggested to defense counsel at sentencing that he move for modification of sentence. Thus, the respondent judge granted the motion for reconsideration or modification of sentence by ordering Clark's release and placing her on three years conditional community control sanctions.
 {¶ 4} When the prosecutor discovered this proceeding, he filed a motion to vacate the judge's order releasing Clark. At a hearing on this motion, the respondent judge clarified that he had been under the mistaken impression that he could judicially release her after approximately ninety days and that had he known that he could not release her for six months, then he would have originally granted her probation and sentenced her to the county jail for a short period of time. He also found that his mistake had unnecessarily prejudiced Clark. Thus, he ruled that further incarceration would be inconsistent with the purposes of Ohio's sentencing law; he suspended her sentence and placed her on three years probation.
 {¶ 5} The prosecutor appealed this decision. In State v.Clark, Cuyahoga App. No. 82519, 2003-Ohio-3969, this court ruled "the trial court's original order of sentence was valid and final; consequently, the trial court lacked jurisdiction to grant appellee's `motion for reconsideration.' * * * The trial court's orders that modify appellee's sentence and deny the state's `motion to vacate' the modified sentence both are vacated. This case is remanded for further proceedings consistent with this opinion. * * * It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence." 2003-Ohio-3969, Paragraphs 23, 25 and 28.
 {¶ 6} On remand, the respondent judge conducted another hearing to determine further proceedings consistent with this court's opinion. The respondent judge concluded that because he had misapprehended his power regarding Clark's sentencing, the sentence was void ab initio and that a judge's sentencing a defendant without understanding the sentencing scheme was a denial of due process. He also cited the "sentencing package doctrine." Under this analysis, when a defendant is sentenced under a multi-count indictment on interdependent counts, the trial judge has the authority to reevaluate the entire sentencing package upon remand Because an appeals court remanded the matter for further proceedings consistent with its opinion, the trial judge had the power to reevaluate the entire sentence; he had the authority to sentence de novo. Thus, the respondent judge, noting Clark's age, sixty-four-years old, and fragile health, reaffirmed his original intention by placing her on three years community control sanctions after suspending the concurrent prison sentences. The prosecutor consequently commenced this mandamus action.
 {¶ 7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
 {¶ 8} Although mandamus should be used with caution, the court does have discretion in issuing it. In State ex rel.Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141,28 N.E.2d 631, ¶ 7 of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion, the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless."11 Ohio St.2d at 161-162. State ex rel. Bennett v. Lime (1978),55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v. Reddy (1978),55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel. Mettler v. CfAthens Cty. Commrs. (1941), 139 Ohio St. 86, 38 N.E.2d 393.
 {¶ 9} The prosecutor's right to mandamus is clear. As this court recognized in Clark, the original sentence is valid and final; indeed, the respondent judge lacked jurisdiction to modify it, except under very limited circumstances. In City of BrookPark v. Necak (1986), 30 Ohio App.3d 118, 120, 506 N.E.2d 936, this court held that "Ohio courts have no authority to reconsider their own valid final judgments in criminal cases." State v.Garretson (2000), 140 Ohio App.3d 554, 748 N.E.2d 560. The Franklin County Court of Appeals reversed a trial court's sua sponte effort to reduce a sentence in State v. Addison (1987),40 Ohio App.3d 7, 9, 530 N.E.2d 1335: "Once a sentence has been executed, the trial court no longer has the power to modify the sentence except as provided by the legislature." Because Clark had begun execution of her sentence, the trial court had no power to modify the sentence, either the first time or upon remand from this court.
 {¶ 10} Under the law of the case doctrine, the respondent judge had no discretion but to follow this court's mandate for "execution of sentence." The Supreme Court of Ohio has repeatedly held: "A lower court has no discretion, absent extraordinary circumstances, to disregard the mandate of a superior court in a prior appeal in the same case. An example of such a circumstance would be where a holding of the Court of Appeals is inconsistent with an intervening decision by this court." State ex rel.Potain v. Mathews (1979), 59 Ohio St.2d 29, 32, 391 N.E.2d 343;Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410; andState ex rel. Sharif v. McDonnell, 91 Ohio St.3d 46,2001-Ohio-240, 741 N.E.2d 127. Thus, the respondent judge had the clear, legal duty to reinstate the valid, final sentence.
 {¶ 11} The prosecutor, on behalf of the State of Ohio, is entitled to the execution of the original sentence as a party in the underlying action and the legal entity charged with the duty of prosecuting State v. Clark and the duty of enforcing the laws of Ohio.[2] Finally, mandamus is an appropriate remedy to enforce the law of the case doctrine. Potain; Sharif;Bertelot v. Dezso, 86 Ohio St.3d 257, 1999-Ohio-100,714 N.E.2d 888; State ex rel. Dannaher v. Crawford, 78 Ohio St.3d 391,1997-Ohio-72, 678 N.E.2d 549, and State ex rel. Crandall, Pheils Wisniewski v. DeCessna, 73 Ohio St.3d 180, 1995-Ohio-98,652 N.E.2d 742. Therefore, the prosecutor demands that this court issue a writ of mandamus compelling the enforcement of the original sentence.
 {¶ 12} The respondent judge counters the prosecutor's case first by endeavoring to characterize his actions as coming under one of the exceptions to the rule that a valid, final sentence cannot be modified after execution has started. A trial court has the authority to correct void sentences. Garretson. The respondent judge submits that the original sentence is void because he misunderstood his authority and the sentencing statutes concerning early judicial release. The judge reasons that because he did not understand the law on judicial release, the fundamental foundation for a fair sentence was not present. Thus, he claims the sentence is void, and that permits him to sentence de novo with the proper knowledge of what the sentence could and should be.
 {¶ 13} This argument is unpersuasive. A sentence's validity is a function of its compliance with the statute, not of the judge's understanding of the law. The court of appeals inGarretson defined a void sentence as one in which the court attempts to disregard the statutory requirements. In the present case, the sentence is in compliance with the statute and valid; thus, it is not void. This court has reviewed the authorities cited by the respondent judge, and they do not support the principle that a judge's misunderstanding of the law renders a sentence void. Moreover, holding that a judge's misunderstanding of the law renders the sentence void ab initio would be an unwise and unwarranted expansion of the definition of void. Because the ramifications of declaring something void are so severe, (i.e., the decisions, sentences and everything flowing from them are nullities and can be reviewed at any time through a variety of remedies) examining, invoking, and expanding the principle of void ab initio must be done with extreme caution. Such a holding would seriously undermine and compromise the principle that a sentence, once execution has begun, is valid and final. In the worst case scenario, such a holding would, thus, undermine and compromise the protections guaranteed by the double jeopardy clause.[3]
 {¶ 14} The respondent judge's second argument is a variant of the first: A person should not serve a "flawed" sentence which resulted from the judge's misunderstanding of the law; such a sentence is a denial of due process and would allow a judge to sentence the person de novo. However, the respondent judge cites no authority to support this proposition. This court declines to overturn an otherwise valid and final sentence and to expand constitutional law without persuasive authority.
 {¶ 15} The judge's next argument invokes the "sentencing package doctrine." The Franklin County Court of Appeals in Inre: Mitchell (June 28, 2001), Franklin County App. 01AP-74, explained this theory: "When a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, a trial court has the authority to reevaluate the entire aggregate sentence or sentencing package, including the unchallenged portions, upon remand" (Slip Op. at pg. 4.) Thus, the remand for further proceedings granted the respondent judge the power to sentence de novo.
 {¶ 16} This argument, too, is unpersuasive. Assuming arguendo the validity of the sentencing package doctrine,[4] its real purpose is to allow a trial judge to reconstruct the original sentence when an appellate court vacates one or more counts constituting the original sentence. State v. Nelloms
(2001), 144 Ohio App.3d 1, 759 N.E.2d 416; and State v.Couturier (2001), Franklin County App. 00AP-1293.[5] The sentencing package doctrine is not a tool for circumventing the law of the case principle. This court's holding in Clark was unambiguous; the original sentence was valid and final, and the respondent judge did not have the authority or jurisdiction to change it. Thus, the order granting the motion for reconsideration was void, and the court erred in not granting the state's motion to vacate that order. On remand, the respondent judge had the duty to abide by and effect these rulings and not to circumvent them, regardless of how well-meaning his intention was. Although the respondent judge may have properly entertained Clark's new arguments, those arguments were not well founded and did not give the respondent judge the power to sentence her de novo.
 {¶ 17} The respondent judge's final argument is that mandamus is the wrong remedy because the prosecutor had an adequate remedy at law through appeal. This is a strong argument. In State exrel. Davis v. Cleary (1991), 77 Ohio App.3d 494,602 N.E.2d 1183, this court, noting how often Ohio courts have addressed and enforced the law of the case doctrine through appeal, declined to issue the writ of mandamus in that case because, inter alia, appeal was an adequate remedy. Nevertheless, the Supreme Court of Ohio has repeatedly ruled that mandamus is a proper remedy to enforce the law of the case doctrine. Potain; Sharif; Bertelot;Dannaher; DeCessna; and State ex rel. Frailey v. Wolfe,92 Ohio St.3d 320, 2001-Ohio-197, 750 N.E.2d 164. Following the rulings of the supreme court, this court finds that mandamus is the appropriate remedy in this case. Alternatively, this court in the exercise of its discretion will issue the writ of mandamus to resolve this matter expeditiously.
 {¶ 18} In conclusion, the respondent judge, to his credit, recognized the conflict between the requisites of the law and the mitigating factors in this case, and he welcomed this court's clarification. Unfortunately for Clark, the need for properly and consistently applying Ohio law, including the finality of sentence and law of the case principles, outweigh the mitigating factors. This decision does not preclude the respondent judge from considering judicial release at the appropriate statutory time.
 {¶ 19} Accordingly, this court grants the writ of mandamus and orders the respondent judge to impose and enforce the original sentence of incarceration in the underlying case, Statev. Jacqueline Clark, Cuyahoga County Common Pleas Court Case No. CR-409306. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 20} The writ is granted.
Writ granted.
 Cooney and Calabrese, Jr., JJ., concur.
[1] Clark was a licensed foster-care giver, and the Cuyahoga County Department of Children and Family Services had placed the boy in her care. However, she left the boy in the care of her fifteen-year-old granddaughter when she had to run an errand When Clark returned, the boy was unconscious and injured. Nevertheless, she waited approximately twelve hours before seeking medical help for the boy, who subsequently died from the injuries, which were consistent with "shaken-baby syndrome."
[2] The respondent judge does not dispute this.
[3] This court does not question the good faith and sincerity of the respondent judge in trying to fashion and effect a just sentence.
[4] This court notes that the sentencing package doctrine is a recent development and is not necessarily and universally accepted.
[5] For example, in Nelloms the defendant was convicted in Ohio on one count of felonious sexual penetration and seven counts of rape; four of these counts were for acts committed in Kentucky. The trial judge sentenced Nelloms to life on each count, the four counts from Kentucky to be served consecutively. The appellate court vacated the Kentucky convictions for lack of subject-matter jurisdiction. On remand, the sentencing package doctrine allowed the judge to reconstruct the original sentence of four consecutive life sentences based on the Ohio convictions.