[Cite as *Wells Fargo Bank, Natl. Assn. v. Wick*, 2013-Ohio-5422.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 99373 and 99840

---

# WELLS FARGO BANK, NATIONAL ASSOCIATION

### PLAINTIFFS-APPELLEES

vs.

# JOHN WICK, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### NO. 99373:   AFFIRMED IN PART,
### REVERSED IN PART, AND REMANDED;
### NO. 99840:   DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-651697

**BEFORE:**   McCormack, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   December 12, 2013

**ATTORNEY FOR APPELLANTS**

**For John Wick, et al.**

Susan M. Gray
Ohio Savings Bank Building
22255 Center Ridge Rd., Ste. 210
Rocky River, OH 44116

**Also listed:**

James Chapman, pro se
2132 Case Parkway N
Unit A
Twinsburg, OH 44087


**ATTORNEYS FOR APPELLEES**

**Attorneys for Wells Fargo Bank N.A.**

Robert A. West, Jr.
Robert C. Folland
Stephen D. Williger
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, OH 44114

Rachel K. Pearson
Lerner, Sampson, Rothfuss
P.O. Box 5480
Cincinnati, OH 45201

Matthew A. Taulbee
Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, OH 45227

**For Amaxx Mortgage Corp.**

Amaxx Mortgage Corp.
c/o Kristina J. Henry, Statutory Agent
390 Clearbrook
Avon Lake, OH 44012

**For Thomas Floyd**

Thomas Floyd, pro se
c/o Sweda, Sweda & Assocs.
36470 Detroit Rd.
Avon, OH 44011

**Attorney for Homecomings**

Barbara Friedman Yaksic
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Blvd.
Suite 406
Cleveland, OH 44122

**For Michael Kangas**

Michael Kangas, pro se
c/o Kangas Appraisals, Inc.
P.O. Box 128
Montville, OH 44064

**Attorneys for Mortgage Electronic Registration System, Inc., et al.**

Julie A. Crocker
Gregory J. O'Brien
Taft, Stettinius & Hollister, L.L.P.
200 Public Square
Suite 3500
Cleveland, OH 44114

**For Precision Funding Corp**.

Precision Funding Corp., pro se
c/o Dominic Difranco – Statutory Agent
163 E. Aurora Road
Northfield, OH 44067

**Attorneys for Sweda, Sweda, & Assocs.**

Amy L. Deluca
Michael R. Niederbaumer
Wickens, Herzer, Panza, Cook & Batista
35765 Chester Road
Avon, OH 44011

TIM McCORMACK, J.:

**{¶1}** Defendants-appellants, John, Leadonna, and Shirley Wick (collectively "the Wicks"), appeal the trial court's decision dismissing their counterclaims, cross-claims, and third-party claims. For the reasons that follow, we reverse the trial court on the Wicks' Truth in Lending Act ("TILA") claims and remand to the trial court for consideration.

## Procedural History and Substantive Facts

**{¶2}** This appeal stems from a foreclosure action filed on February 21, 2008, by Wells Fargo Bank, N.A. ("Wells Fargo") on the Wicks' property located on Clarence Avenue in Lakewood, Ohio. In August 2005, the Wicks executed a note in favor of GreenPoint Mortgage Funding, Inc. ("GreenPoint"). According to Wells Fargo, the note contained a special endorsement from GreenPoint to Wells Fargo, as trustee. The Wicks secured the note with a mortgage in favor of Mortgage Electronic Registration System, Inc. ("MERS") acting as nominee for GreenPoint or its successors. On February 29, 2008, MERS, as nominee for GreenPoint, assigned the mortgage to Wells Fargo.

**{¶3}** On April 8, 2008, the Wicks filed an answer, counterclaims, and third-party claims. The first and second counterclaims were filed against Wells Fargo for wrongful foreclosure and for violations of the Ohio Racketeer Influenced Corrupt Organizations Act ("RICO"). The Wicks filed a cross-claim against MERS for civil conspiracy. They filed third-party claims against the following parties: Homecomings Financial for breach of contract; Homecomings, Floyd Thomas, Sweda Sweda & Associates ("Sweda"),

Amaxx Mortgage Corp., and "Susan (last name unknown)" for civil conspiracy; Floyd Thomas, Sweda, Amaxx Mortgage Corp., and Susan for breach of fiduciary duty;[1] GreenPoint for violations of disclosure and rescission remedies under TILA; Precision Funding, James Chapman, Michael Kangas, Kangas Appraisals, Inc., and GreenPoint for civil conspiracy; James Chapman, Precision Funding, Amaxx Mortgage Corp., and Susan for violations of the Mortgage Loan Broker Act; and James Chapman and Precision Funding for breach of fiduciary duty. The Wicks assert that none of these claims arise from the note or mortgage.

{¶4} On December 10, 2012, the trial court found that Wells Fargo lacked standing at the outset of litigation by a subsequent assignment. The court therefore dismissed the entire action, including the Wicks' answer, counterclaim, and third-party complaint, stating that "[b]ecause plaintiff has failed to invoke the jurisdiction of the court, plaintiff's complaint and all other claims in the case are hereby dismissed, without prejudice." The trial court did not address the Wicks' claims individually.

{¶5} Thereafter, the Wicks filed a motion for relief from judgment, claiming that their claims can be independently adjudicated. The Wicks also filed a notice of appeal to this court (Appeal No. 99373). We remanded the matter to the trial court until April 1, 2013, for the limited purpose of ruling on the Wicks' motion for relief from judgment.

---

[1]The Wicks note in their brief on appeal that they have settled with Homecomings and Sweda and the parties associated with Sweda, including Floyd Thomas. They further note that Homecomings is a party to a bankruptcy proceeding in the Southern District of New York. The Wicks do not appeal any claims concerning these parties.

On April 16, 2013, more than two weeks after the remand period had expired, the trial court denied the Wicks' motion for relief. We dismissed the Wicks' appeal, sua sponte, on April 22, 2013, finding that the trial court's dismissal without prejudice was not a final, appealable order because the matter could be refiled in the lower court.

{¶6} After the trial court's denial of the motion for relief, the Wicks filed a notice of appeal to this court of the trial court's disposition of their motion for relief (Appeal No. 99840). The Wicks also filed a motion for reconsideration of our dismissal of Appeal No. 99373. On May 16, 2013, we reconsidered our prior dismissal and found that the trial court's dismissal of the Wicks' TILA claims constituted a final, appealable order because no savings statute applied to permit the refiling of those claims:

> A dismissal without prejudice is generally not a final appealable order because the ruling does not prevent the party from refiling. However, a dismissal without prejudice is final and appealable where the appellant is precluded from refiling as a result of the dismissal. *National City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663.

> Appellants claim that their counterclaim for violation of the federal Truth in Lending Act ("TILA") could not be refiled because the statute of limitations has now run and the savings statute, R.C. 2305.19, does not apply to federal claims like TILA claims, which contain their own statute of limitations. Appellees do not dispute this argument; our limited research supports appellants' position. *See Burnett v. N.Y. Central R.R. Co.*, 380 U.S. 424, 432, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Ruth v. Unifund CCR Partners*, 2009 U.S. Dist. LEXIS 17362 (N.D. Ohio Mar. 6, 2009). Therefore, the dismissal of the underlying action was a final appealable order at least to the extent the court finally disposed of appellants' TILA claim.

We consolidated Appeal Nos. 99373 and 99840 for purposes of briefing, hearing, and disposition.

## Assignments of Error

I.  The trial court erred as a matter of law and to the prejudice of appellants in dismissing their claims.

II.  The trial court erred as a matter of law when it ruled on the Wicks' motion for relief from judgment because at the time it ruled it lacked jurisdiction.

III.  The trial court erred as a matter of law and to the prejudice of appellants when it implicitly and explicitly denied their motion for relief from judgment.

## Law and Analysis

{¶7}  The Wicks claim that the trial court erred in dismissing all of their counterclaims, cross-claims, and third-party claims when it dismissed Wells Fargo's foreclosure complaint for failure to invoke the court's jurisdiction.  In ruling on the Wicks' motion for reconsideration, however, we determined that, with the exception of the TILA claims, the trial court's dismissal of the Wicks' claims was without prejudice and, therefore, as it related to those non-TILA claims, the trial court's dismissal was not a final, appealable order.  As such, they were not properly before this court.  *See* Journal Entry, May 16, 2013; *Natl. City Commercial Capital Corp.*

{¶8}  With respect to the Wicks' TILA claims, however, we determined that the trial court's dismissal was, in fact, a final, appealable order because the TILA claims cannot be refiled.  The statute of limitations has now run, and the Wicks cannot avail themselves of Ohio's savings statute for the federal TILA claims.  We therefore reinstated the Wicks' appeal for the limited consideration of their TILA claims.  In its

appellee brief, Wells Fargo appears to concede that this court has jurisdiction to review the TILA claims.

{¶9} The Wicks argue that their TILA claims can remain in the trial court for independent adjudication; therefore, the trial court erred in dismissing them. In support of their position, the Wicks cite *CitiMortgage Inc. v. Slack*, 8th Dist. Cuyahoga No. 94899, 2011-Ohio-613. In *CitiMortgage*, this court determined that the trial court had jurisdiction over the borrowers' counterclaim and, therefore, its dismissal of those claims was error. In that case, CitiMortgage filed a foreclosure action, alleging the borrowers were in default on a note and mortgage, which was secured by their home. The borrowers filed a counterclaim for breach of contract, fraud, and intentional or negligent misrepresentation. The trial court ordered CitiMortgage to file evidence of its standing to file the case. Rather than filing this evidence, CitiMortgage voluntarily dismissed its claims without prejudice. Having found that CitiMortgage failed to show that the jurisdiction of the court had been properly invoked under the standing requirements, the trial court determined that any judgment, including a judgment on the counterclaim, would be a nullity, and it dismissed all remaining claims without prejudice.

{¶10} On appeal, we determined that, when a trial court dismisses an action for lack of jurisdiction and disposes of the case, the dismissal is a final, appealable order. *CitiMortgage, Inc.* at ¶ 7, citing *Natl. City Commercial Capital Corp.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 10-12. In considering the merits of the case, we determined that a "proper and validly asserted counterclaim is not extinguished by a

plaintiff's voluntary dismissal of its claims when the court has jurisdiction to proceed on the counterclaim." *Id.* at ¶ 11. We found, therefore, that where the court has jurisdiction over the parties and over the controversy, the borrowers' counterclaim that does not arise from the note or mortgage can remain pending for independent adjudication. *Id.*

{¶11} Similarly, the trial court's conclusion in this case that it lacked jurisdiction over the foreclosure claim because the bank lacked standing does not extinguish the Wicks' proper and validly asserted claims. "As long as the court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the court following a plaintiff's voluntary dismissal of the complaint." *Id.* at ¶ 11.

{¶12} Here, the Wicks argue that their TILA claims can remain for independent adjudication because they do not arise out of the note or mortgage, rather they arise from Wells Fargo's alleged violations of various provisions of the federal statute.

{¶13} A counterclaim remains pending for independent adjudication if the dismissal of the plaintiff's claim does not defeat the trial court's jurisdiction over the parties and the controversy. *Abbyshire Constr. Co. v. Ohio Civ. Rights Comm.*, 39 Ohio App.2d 125, 316 N.E.2d 893 (8th Dist.1974), syllabus; *Columbus Metro. Hous. Auth. v. Flowers*, 10th Dist. Franklin Nos. 05AP-87 and 05AP-372, 2005-Ohio-6615, ¶ 15. Here, the trial court's dismissal of Wells Fargo's foreclosure complaint did not deprive the trial court of jurisdiction over the Wicks and the assertion of their TILA claims. The Wicks'

TILA claims are separate and independent of Wells Fargo's foreclosure complaint and could have constituted a separate action. *See, e.g., Gravill v. Akram*, 8th Dist. Cuyahoga No. 57392, 1989 Ohio App. LEXIS 3443 (Aug. 31, 1989).

**{¶14}** Accordingly, we find that the trial court incorrectly dismissed the Wicks' TILA claims. Their first assignment of error is sustained in part.

**{¶15}** The Wicks also argue two assignments of error that pertain to the denial of their Civ.R. 60(B) motion for relief from judgment and are the subject of Appeal No. 99840: (1) the trial court erred when it ruled on their motion for relief from judgment because at the time the court ruled on the motion, it did not have jurisdiction; and (2) the trial court erred as a matter of law when it implicitly and explicitly denied their motion for relief.

**{¶16}** After the trial court dismissed the Wicks' counterclaims and third-party claims, the Wicks filed a motion for relief from judgment with the trial court as well as a notice of appeal of the trial court's dismissal in this court. We remanded the matter to the trial court until April 1, 2013, for the limited purpose of ruling on the motion for relief. The trial court failed to rule on the motion until April 16, 2013, which is more than two weeks after the remand period had expired. At that time, the trial court denied the Wicks' motion. The Wicks claim that the trial court had no jurisdiction to rule on their motion outside of the mandate of this court's remand order.

**{¶17}** Once an appeal has been filed, the trial court loses jurisdiction "'except to take action in aid of the appeal.'" *Novak v. Camino*, 8th Dist. Cuyahoga Nos. 99019 and

99332, 2013-Ohio-2907, ¶ 26, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. The Ohio Supreme Court has expressly held that an appeal divests the trial court of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *Howard v. Catholic Social Servs. of Cuyahoga Cty. Inc.*, 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890. Jurisdiction may be conferred on the trial court, however, through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. *Id.* Upon remand, the trial court must follow the mandate of an appellate court. *See State ex rel. Davis v. Cleary*, 77 Ohio App.3d 494, 498, 602 N.E.2d 1183 (8th Dist.1991); *State v. Roper*, 9th Dist. Summit No. 22988, 2006-Ohio-3661, ¶ 10. "The trial court is without authority to extend or vary the mandate given by the appellate court." *Roper*.

{¶18} In this case, we conferred jurisdiction upon the trial court until April 1, 2013, for the limited purpose of ruling on the motion for relief. When the trial court denied the Wicks' motion on April 16, 2013, this court's remand order had expired. As such, the trial court had no jurisdiction to entertain the Wicks' motion for relief. Because the trial court's action was inconsistent with the mandate of this court, the trial court's ruling subsequent to the expiration of our remand order was a nullity. Absent a final order by the trial court on the Wicks' motion for relief, there is nothing for this court to review on appeal. Accordingly, Appeal No. 99840 is dismissed.

**{¶19}** Appeal No. 99840 is dismissed. In Appeal No. 99373, the judgment of the trial court is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR