SVET, APPELLANT, *v.*
MAYFIELD, ADMR., ET AL.,
APPELLEES.

(No. 13909—Decided April 5, 1989.)

*Thomas R. Pitts,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael Kristoff, Sr.,* and *Michael McNulty,* director of law, for appellees.

REECE, J. This cause was first before this court upon appeal of a determination of the trial court that the appellant's workers' compensation claim was time barred. The matter was reversed and remanded to the trial court. *Svet* v. *Mayfield* (Apr. 20, 1988), Summit App. No. 13326, unreported. Frank Svet, plaintiff-appellant, now appeals the judgment of the trial court entered upon remand, which found again that appellant's claim was time barred.

In 1982 Svet was advised that he had heart disease. On May 25, 1982, Svet underwent revascularization surgery. At that time, the attending physicians diagnosed Svet as suffering from coronary artery disease, but they did not speculate as to the origin or cause of the disease.

On May 2, 1985, Svet received an

opinion from Dr. Paul Kohn that there was a causal connection between Svet's work as a fire fighter and his development of coronary artery disease. On June 26, 1985, Svet filed an occupational disease claim which was denied at the administrative level. The common pleas court, upon appeal, held that Svet's claim was time barred and entered summary judgment for the appellee. Upon review, this court held that pursuant to R.C. 4123.85, the six-month limitation does not begin to run until a disease is diagnosed as occupational. We reversed the summary judgment and remanded the matter to the trial court for further proceedings.

The trial court again held that Svet's workers' compensation claim was time barred. This judgment was based on the trial court's interpretation of *White* v. *Mayfield* (1988), 37 Ohio St. 3d 11, 523 N.E. 2d 497, which the Supreme Court decided after this court's remand of this case to the trial court.

### Assignment of Error I

"The trial court abused its discretion by sustaining appellee's motion for summary judgment where such a decision disregarded the mandate of a superior court in a prior appeal of the case."

Svet asserts that the trial court abused its discretion in granting summary judgment for appellee. Svet contends that this court's holding that the six-month limitation does not begin to run until a disease is diagnosed as occupational is the law of the case and remains the law of the case in all subsequent proceedings. An inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1, 3, 11 OBR 1, 2-3, 462 N.E. 2d 410, 412-413. However, this doctrine is not absolute. An intervening decision by the

Supreme Court, as in this case, allows the trial court discretion to disregard the mandate of the appellate court. *Id.* Accordingly, this assignment of error is overruled.

### Assignment of Error II

"The trial court committed reversible error in sustaining appellee's motion for summary judgment where constructing [*sic*] the evidence most favorably to appellant would have led reasonable minds to only one conclusion and that conclusion was adverse to the moving party."

In reviewing a summary judgment, the appellate court follows the same standard as that employed by the trial court. In order for summary judgment to be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ. R. 56(C); *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. Upon a motion for summary judgment pursuant to Civ. R. 56, the burden of establishing that the material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46.

R.C. 4123.85, governing the time for filing an occupational disease claim, states:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits shall be forever barred unless, within two years after the

disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or to the employer in the event such employer has elected to pay compensation or benefits directly."

The Supreme Court has stated:

"* * * [T]he triggering event of R.C. 4123.85 is the *disability* brought on by the occupational disease, not the diagnosis of the disease itself. The 'six months after diagnosis of the occupational disease by a licensed physician' language will typically come into play when a worker is already suffering a disability, but did not discover that it was employment-related until more than two years after the 'disability due to the disease began.' Under a clear reading of the statute, in all other situations the 'six months after diagnosis' language will not be relevant except where it serves to extend the running of the two-year statute of limitations. By its very terms, the 'six months after diagnosis' language can only lengthen, not shorten, the time for setting in motion the two-year statute of limitations.* * *" (Emphasis sic.) *White, supra,* at 12, 523 N.E. 2d at 499.

The trial court held that:

"There is no dispute concerning the fact that Mr. Svet went to Cleveland Clinic on May 25, 1982 and submitted to surgery for his coronary artery disease. He was disabled at that time.

"On that date, the claimant became aware that he was suffering from coronary artery disease. Also, on May 25, 1982, the claimant received medical treatment for such disease. In addition, on May 25, 1982 the claimant quit work on account of that disease. Thus, the two-year statute of limita-tions of R.C. Section 4123.85 began to run on May 25, 1982. The claimant would thus have had until May 25, 1984 to file his claim or be barred by the statute of limitations. It is un-disputed that the claimant's claim was filed on June 26, 1985, more than one year after the two-year statute of limitations of R.C. Section 4123.85 had run. The other provision of R.C. Section 4123.85 to the effect that the statute of limitations does not run until six months after diagnosis of the oc-cupational disease by a licensed physi-cian is not applicable here since that diagnosis was made prior to May 25, 1982.

"Clearly the Supreme Court of Ohio holds that the six month limita-tion begins to run when the disease is diagnosed, not when it is diagnosed as occupational."

Thus, the primary question before this court is whether the Supreme Court in *White* determined that the six-month period begins to run when (1) a disease which may be occupational is diagnosed or (2) when a disease is diagnosed as occupational.

Clearly, the Supreme Court of Ohio held that the six-month limitation begins to run when the disease is diagnosed as occupational. Although diagnosis of appellant's disease was first made in 1982, diagnosis of the disease as occupational was not made until May 2, 1985. On June 26, 1985, Svet filed his occupational disease claim. Accordingly, Svet's claim was filed within the six-month period pro-vided for in R.C. 4123.85 and the trial court erred in entering summary judg-ment against Svet.

Accordingly, this assignment of er-ror is sustained.

Assignments of Error III and IV

"III. Appellee is estopped from asserting that appellant's claim is barred by the statute of limitations

because its own administrative proceedings found appellant's application to be timely and these proceedings were admitted in appellee's pleadings in the court below.

"IV. The trial court committed reversible error by sustaining appellee's motion for summary judgment without allowing appellant to respond within the time allowed by rule."

Because of the disposition of the second assignment of error, this court need not reach the third and fourth assignments of error.

This court reverses the summary judgment entered for appellee and remands this case to the trial court for further proceedings consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and QUILLIN, J., concur.