LAHOUD, Appellant,

v.

FORD MOTOR COMPANY, Appellee.

[Cite as *Lahoud v. Ford Motor Co.* (1993), 91 Ohio App.3d 149.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005552.

Decided Oct. 13, 1993.

*Ben Sheerer,* for appellant.

*William Michael Hanna,* for appellee.

---

Cook, Presiding Judge.

Habib Lahoud ("Lahoud") appeals the trial court's granting of summary judgment to Ford Motor Company ("Ford") based on its finding that Lahoud's workers' compensation claim was not timely filed under R.C. 4123.85.

## ISSUE

Lahoud filed his occupational disease claim beyond the allowed two years. That two-year limitation period is extended, however, when the employer fails to file a report of an occupational disease that results in seven or more days of total disability. Ford did not file such a report as to Lahoud. Ford received an initial notice of Lahoud's occupational disease without Lahoud's missing any work therefrom. Later, when Ford received a medical report that Lahoud missed more than seven days for a similarly named disabling condition although not noted thereon as an occupational disease, should Ford have filed the report? We find that it should have and that the failure to do so extended the period for the filing of Lahoud's claim.

## FACTS

 In July 1986, Lahoud filed a medical report with Ford[1] from Dr. Culver. In that report, Dr. Culver diagnosed Lahoud as suffering from "stenosing tenosynovitis flexor pollicus longus tendons of both thumbs." Dr. Culver also reported that this was an occupational disease. Lahoud, however, did not miss any work at that time.

About six months later, in January 1987, Lahoud was treated by Dr. Roca, who diagnosed Lahoud as suffering from "acute tenosynovitis of the right thumb." As a result, Lahoud was off work for approximately one month. On an attending physician's report, which Ford provides its employees for use by their doctors when they take medical leave, Dr. Roca failed to indicate whether Lahoud's condition was related to his occupation.

About two and one half years later, in June 1989, Lahoud again had problems with his right thumb and was off work for approximately one month. That same summer, on August 4, he filed a workers' compensation claim for an occupational disease, tenosynovitis of the right thumb. The hearing officer denied Lahoud's claim because it was not filed within two years.[2] After exhausting the administrative appeals, without success, Lahoud appealed to the court of common pleas under R.C. 4123.519.

Ford moved for summary judgment, which the trial court granted, finding Lahoud's claim was untimely. The court reasoned that all the information required by R.C. 4123.28 must be contained in one document before the employer is mandated to file the report. Thus, because the information in this case was provided in two different reports, the mandated filing was not triggered and the statute of limitations was not extended.

## ANALYSIS

Lahoud in his only assignment of error asserts that the trial court erred in granting Ford summary judgment, because the statute of limitations in R.C.

---

1. Ford admits that the report was filed with its hourly personnel department but argues that the hourly personnel department is not related to the workers' compensation department and therefore that information cannot be imputed to it. This argument is not significant because R.C. 4123.28 requires that an employer file a report of *its knowledge* of an occupational disease resulting in seven or more days of total disability. It is of no concern in what manner the employer received the information as long as the employer did in fact receive it. Further, as Tim McCarty, Ford's chief for its Workers' Compensation Department, testified in his deposition, when Ford's personnel department receives medical information, it gives that information to its medical department.

2. The parties to this appeal agree that the limitation period under R.C. 4123.85 began January 22, 1987.

4123.85 was extended by Ford's failure to file the report required under R.C. 4123.28. Lahoud contends that the reporting requirement in R.C. 4123.28 was triggered by a reasonable inspection of the two doctors' reports taken together as a history of this employee. We agree.

R.C. 4123.28 requires that employers keep a record of all occupational diseases that result in seven or more days of total disability. It also requires that the employer file a report of such with the Bureau of Workers' Compensation. If an employer fails to file the mandatory report, R.C. 4123.28 provides the following consequences:

"Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations for the filing of a claim based on the injury or occupational disease, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years."

Under R.C. 4123.28, an employer's duty to report is triggered when the employer has the knowledge that an employee had been diagnosed with an occupational disease and because of that disease seven days or more of total disability resulted.

Ford argues that R.C. 4123.28 does not require an employer to compare different medical reports to determine if a medical leave is due to an occupational disease. We disagree.

Initially, we note that R.C. 4123.95 requires a liberal construction of "sections 4123.01 to 4123.94, inclusive" in favor of employees. See, also, *Mewhorter v. Ex–Cell–O Corp.* (1986), 23 Ohio St.3d 13, 15, 23 OBR 11, 12–13, 490 N.E.2d 610, 611. We also note that Ford is a self-insured employer in the workers' compensation system and that self-insured employers are held more accountable because they are both potentially liable parties and initial processors of the claim. *Wargetz v. Villa Sancta Anna Home for the Aged* (1984), 11 Ohio St.3d 15, 17, 11 OBR 49, 51, 462 N.E.2d 1215, 1217.

As a self-insurer, Ford must keep medical records on its employees. When Ford's medical department received the first report, it was on notice that Lahoud had an occupational disease. When it received the second report, that report simply added to knowledge it already had. How Ford received the knowledge that Lahoud had an occupational disease that caused seven or more days of total disability is of little consequence, but once Ford had that knowledge, it had a duty under R.C. 4123.28 to make a report. Thus, the reporting requirement of R.C. 4123.28 was triggered by Ford's receipt of both Dr. Culver's July 1986 report and Dr. Roca's January 1987 report. Since Ford did not file the mandatory report,

the statute of limitations was extended and Lahoud's filing for workers' compensation on August 4, 1989, was timely.

Lahoud's assignment of error is well taken and the judgment of the trial court is reversed. The case is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD and DICKINSON, JJ., concur.