OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, Jerry Headings, appeals a judgment of the Union County Court of Common Pleas, granting summary judgment to Defendants-Appellees, Ranco Incorporated, et al. ("Ranco"). The trial court granted Ranco summary judgment based on Headings' failure to file a timely notice of his intent to pursue a workers' compensation claim. After reviewing the entire record, we find that both of Headings' assignments of error are without merit, and the judgment of the trial court is affirmed.
 {¶ 3} In December of 2000, Headings was a Ranco employee. Ranco is a self-insured employer under Ohio's workers' compensation system.
 {¶ 4} On December 14, 2000, Headings suffered an injury, which he alleges was related to his employment with Ranco. Based on this injury, Headings filed an internal Ranco form entitled "Associate Accident Report" ("Ranco accident report"). The Ranco accident report was reviewed and signed by Headings' supervisor, Jeff Lester, on February 8, 2001. In May of 2003, Headings submitted a First Report of Injury form to BWC, alleging that he was eligible for workers' compensation benefits due to his December 14, 2000 injury.
 {¶ 5} After being denied participation in the workers' compensation program by the Industrial Commission of Ohio, Headings appealed to the Union County Court of Common Pleas. Thereafter, Ranco filed a motion for summary judgment, maintaining that Headings had not given BWC timely notice of his workers' compensation claim and that any such claim was barred by R.C. 4123.84. Finding that Headings had not given BWC the required timely notice of his claim, the trial court granted Ranco summary judgment. From this judgment Headings appeals, presenting two arguments in support of his appeal.
 {¶ 6} Initially, we note that Headings has failed to provide this Court with specific assignments of error as mandated by App.R. 16(A)(3). Instead, he provided propositions of law. Such propositions are appropriate for appeals being heard before the Ohio Supreme Court. S.Ct.Prac.R. VI(2)(B)(4). Therefore, pursuant to App.R. 12(A), we are not required to address issues not specifically assigned as error and briefed. Chem. Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 207;Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus SteakHouse No. III, Inc. (1986), 24 Ohio St.3d 198, 202-203. However, in the interest of justice, we elect to rephrase Headings propositions of law as assignments of error and address the merits of his arguments.
 Assignment of Error I The trial court erred in granting Ranco summary judgment, because thestatutory and administrative code imposes upon a self-insured employer aduty to report to the Bureau of Workers' Compensation any work-relatedinjury.
 Assignment of Error II The trial court erred in granting Ranco summary judgment, because theemployer's own accident report, filed by the employee immediatelyfollowing his injury, constitutes valid notice under R.C. 4123.84.
 {¶ 7} Both assignments of error address the trial court's decision to grant Ranco summary judgment. Accordingly, we will utilize the following standard of review for both.
 Standard of Review {¶ 8} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Ed. (1994), 69 Ohio St.3d 217, 222. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C);Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. Athens City Clerkof Courts (1998), 83 Ohio St.3d 523, 524; see, also, Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Assignment of Error I {¶ 10} In his first assignment of error, Headings maintains that both R.C. 4123.28 and Ohio Adm. Code 4123-03-19(K)(3) required Ranco to report the December 14, 2000 injury to BWC. Therefore, Headings contends that Ranco's failure to report his accident to BWC extended the timeframe within which he was required to file notice of his injury with BWC. He also asserts that Ranco's duty to report his injury imposed constructive knowledge of the injury on BWC.
 {¶ 11} According to R.C. 4123.84(A):
In all cases of injury or death, claims for compensation or benefitsfor the specific part or parts of the body injured shall be foreverbarred unless, within two years after the injury or death:
* * *
(3) In the event the employer is a self-insuring employer, oneof the following has occurred:
 (a) Written or facsimile notice of the specific part or parts of thebody claimed to have been injured has been given to the commission orbureau or the employer has furnished treatment by a licensed physician inthe employ of an employer, provided, however, that the furnishing of suchtreatment shall not constitute a recognition of a claim as compensable,but shall do no more than satisfy the requirements of this section;
 (b) Compensation or benefits have been paid or furnished equal to orgreater than is provided for in sections 4123.52, 4123.55 to 4123.62, and4123.64 to 4123.67 of the Revised Code.
 {¶ 12} It is undisputed that Ranco is a self-insuring employer and that Headings failed to provide written or facsimile notice of his injury to BWC within two years of the injury. Additionally, it is undisputed that Ranco never furnished treatment for Headings' injury, nor did Headings receive any compensation or benefits for his injury. Therefore, R.C. 4123.84 bars Headings from making a workers' compensation claim based upon the injury he incurred on December 14, 2000.
 {¶ 13} However, Headings argues that the time for filing his complaint was extended by Ranco's failure to report his injury to BWC. R.C. 4123.28
provides that:
Every employer in this state shall keep a record of all injuries andoccupational diseases, fatal or otherwise, received or contracted by hisemployees in the course of their employment and resulting in seven daysor more of total disability. Within a week after acquiring knowledge ofan injury or death therefrom, and in the event of occupational disease ordeath therefrom, within one week after acquiring knowledge of ordiagnosis of or death from an occupational disease or of a report to theemployer of the occupational disease or death, a report thereof shall bemade in writing to the bureau of workers' compensation upon blanks to beprocured from the bureau for that purpose. The report shall state the nameand nature of the business of the employer, the location of hisestablishment or place of work, the name, address, nature and duration ofoccupation of the injured, disabled, or deceased employee and the time,the nature, and the cause of injury, occupational disease, or death, andsuch other information as is required by the bureau.
* * *
Each day that an employer fails to file a report required by thissection constitutes an additional day within the time period given to aclaimant by the applicable statute of limitations for the filing of aclaim based on the injury or occupational disease, provided that afailure to file a report shall not extend the applicable statute oflimitations for more than two additional years.
(Emphasis added.)
 {¶ 14} R.C. 4123.28's time extension for the filing of workers' compensation claims applies only to the situation where an employer is required by the statute to file an injury report with BWC and fails to do so. However, there is no evidence in the record that Headings' injury resulted in seven or more days of disability. In fact, the evidence reflects that Headings did not miss a single day of work due to the injury. Therefore, R.C. 4123.28 imposed no duty on Ranco to report Headings' injury to BWC, and the tolling measures of R.C. 4123.28 do not apply.
 {¶ 15} Headings also claims that Ranco had a duty to report his injury to BWC under the Ohio Administrative Code and that this duty imposed constructive notice of his injury upon BWC. Ohio Adm. Code 4123-19-03(K)(3) provides that:
Every employer shall keep a record of all injuries and occupationaldiseases resulting in more than seven days of total disability or deathas well as all contested or denied claims and shall report them to thebureau, and to the employee or the claimant's surviving dependents inaccordance with rule 4123-3-03 of the Administrative Code. (Emphasis added.)
As discussed above, the record is devoid of any evidence that Headings' injury resulted in seven or more days of total disability.
 {¶ 16} Furthermore, Ranco was not required to report Headings' injury to BWC due to a denied or contested claim. Headings did not initiate any workers' compensation claim until he filed the First Report of Injury form with BWC in May of 2003. Up until that time, the only notice of the injury that Ranco had was the internal Ranco accident report. This report merely put into writing Headings' factual account of the injury. It gave no indication that Headings intended to pursue a workers' compensation claim. Therefore, prior to May of 2003, Ranco was unaware of any possible workers' compensation claim, and it would have been impossible for Ranco to either deny or contest a claim that it did not even know existed. Accordingly, Ohio Adm. Code 4123-19-03(K)(3) did not impose any duty on Ranco to report Headings' injury.
 {¶ 17} In sum, Neither R.C. 4123.28 nor Ohio Adm. Code 4123-03-19(K)(3) required Ranco to report Headings' injury to BWC. Consequently, the tolling provision of R.C. 4123.28 is not applicable, and Headings' argument that BWC had constructive notice of his injury through Ranco's duty to report is without merit. As a result, his first assignment of error is overruled.
 Assignment of Error II {¶ 18} In his second assignment of error, Headings claims that the Ranco accident report that he completed in February of 2001 constituted constructive written notice to BWC of his injury for the purposes of R.C. 4123.84(A).
 {¶ 19} As we discussed in the analysis of Headings' first assignment of error, R.C. 4123.84(A) bars any workers' compensation claim where proper notice of the injury has not "been given to the commission or bureau" within two years of the injury. Under the plain language of the statute, timely notice of the injury must be given in writing or by facsimile to BWC, not to the employer of the injured party. However, Headings relies on Arline v. Admin., Bur. of Workers' Comp. (Sept. 26, 2000), 10th Dist. No. 00AP-312, for the proposition that any form that provides details of an injury and that is submitted by the injured employee to his/her employer prior to the expiration of R.C. 4123.84(A)'s two year limit serves as constructive written notice of the injury to BWC. Headings completely mischaracterizes the case law.
 {¶ 20} In Arline, the injured employee was filing a First Report of Injury form. According to BWC's own regulations, the injured employee had to submit the form to his/her employer, and the employer was required to submit the completed form to BWC. In ruling that the submittal of the form to the employer within the two year statute of limitations served as a timely written notice under R.C. 4123.84, the 10th District held that the employer was acting as BWC's agent and that service upon the employer served as service upon BWC. The court refused to punish the injured employee for an untimely filing of notice caused by the employer. There are two important factual distinctions between that case and ours.
 {¶ 21} First, the form that the court held provided BWC with constructive notice was a First Report of Injury form. This is an official form created by BWC, and it gives explicit notice that an employee is pursuing a workers' compensation claim. The Ranco accident form herein is merely an internal form created by Ranco, and it gives no notice of any intent to pursue a workers' compensation claim. It merely provides the factual details of Headings' accident and the extent of his injury.
 {¶ 22} Second, the employer in Arline was required to complete the First Report of Injury form and submit it to BWC. Therefore, the court found that the employer was acting as BWC's agent and that service of notice upon the agent served as service of notice upon BWC. There was no such requirement that Ranco file its own internal accident form with BWC, and Ranco clearly was not acting as BWC's agent in this situation.
 {¶ 23} Accordingly, the court's reasoning in Arline is not applicable to the facts of the case sub judice, and the Ranco accident form that Headings filed in February of 2001 did not give BWC notice of his injury. Therefore, based on R.C. 4123.84(A), Headings' claim is barred as untimely, and his second assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.