JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Yvonne Varner ("Yvonne"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, Ford Motor Company ("Ford"). Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2002, Yvonne filed a claim for workers' compensation benefits for the death of her husband, John Varner ("John"). She contends that John was exposed to asbestos while employed at Ford and contracted mesothelioma. John began working at Ford in 1954 and continued to work there until his death in 1983. While at Ford, he worked as a production worker, die setter, and die setter foreman.
 {¶ 3} In the summer of 1982, John was diagnosed with mesothelioma. He underwent surgery in September 1982 and died on April 26, 1983.[1] His autopsy report indicated findings of mesothelioma of the right pleura, although his death certificate listed carcinoma of lung with metastases as the immediate cause of death.
 {¶ 4} In the summer of 2002, Yvonne saw an ad in a newspaper regarding mesothelioma and asbestos, which prompted her to contact an attorney to investigate a possible claim. In September 2002, Dr. Parmar reviewed John's medical records and work history and concluded that John died from mesothelioma, which was caused by his exposure to asbestos while working at *Page 4 
Ford. Yvonne then filed a workers' compensation claim for death benefits in November 2002.
 {¶ 5} Yvonne received notice in October 2003 that her claim was disallowed at all administrative levels.[2] As a result, Yvonne filed suit in November 2003 against Ford and the Bureau of Workers' Compensation. She voluntarily dismissed the suit in June 2005 and refiled in March 2006. Ford filed a motion for summary judgment in April 2006. Yvonne filed her brief in opposition in May 2006. Ford filed a reply brief and, on June 6, 2006, the trial court granted Ford's motion for summary judgment.
 {¶ 6} Yvonne now appeals, raising one assignment of error, arguing that the trial court erred in granting Ford summary judgment, because a genuine issue of material fact existed in regard to when John's disease was diagnosed as occupational.
 Standard of Review {¶ 7} Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. *Page 5 
The Ohio Supreme Court stated the appropriate test in Zivich v. MentorSoccer Club (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, as follows:
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
 Statute of Limitations {¶ 9} R.C. 4123.85 establishes the time period for the filing of a workers' compensation claim alleging death due to an occupational disease. It provides in pertinent part: *Page 6 
 "In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation * * *."
 {¶ 10} Yvonne contends that the trial court erred in failing to liberally construe the workers' compensation laws in her favor. She maintains that the six-month limitation period in R.C. 4123.85 begins when the disease is diagnosed as occupational, not when the disease, which may be occupational, is diagnosed. She further maintains that her position on the statute of limitations is consistent with the Ohio Supreme Court in similar public policy cases. We disagree.
 {¶ 11} Yvonne relies on Svet v. Mayfield (1989), 56 Ohio App.3d 17,564 N.E.2d 735. Svet was advised that he had heart disease in 1982. He was not advised until 1985 that there was a causal connection between his job as a firefighter and his development of coronary artery disease. As a result, he filed an occupational disease claim in June 1985. TheSvet court held that the six-month period of limitation contained in R.C. 4123.85 for the filing of claims for occupational diseases begins when the disease is diagnosed as occupational, not when the disease which may be occupational is diagnosed. Id., at paragraph two of the syllabus. However, Svet is distinguishable from the instant case *Page 7 
because Svet involved a living claimant who was diagnosed with an occupational disease as a result of his work. In the instant case, Yvonne filed a death claim as a result of an occupational disease that caused her husband's death. Therefore, the applicable time limit to file a claim for death benefits is two years after the date of death. Furthermore, Yvonne's contention that her position on the statute of limitations is consistent with Ohio Supreme Court cases is incorrect. Yvonne relies on a case involving wrongful death, which is inapplicable to workers' compensation claims.
 {¶ 12} In the instant case, John had a bronchoscopy as well as an open biopsy in July 1982, both of which indicated mesothelioma. Moreover, in August 1982, John's doctor diagnosed him with mesothelioma. Furthermore, his autopsy report of April 1983 indicated findings of mesothelioma. However, Yvonne did not file a claim for benefits until November 2002, twenty years after John's initial mesothelioma diagnosis and nineteen years after his death. Because Yvonne failed to file her claim within the limitation period set forth in R.C. 4123.85, the trial court did not err in granting Ford's motion for summary judgment. See Baez v. FerroCorp (May 5, 1988), Cuyahoga App. No. 54823.
 {¶ 13} Therefore, the sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J. and JAMES J. SWEENEY, J. CONCUR
[1] Yvonne does not deny knowing of the diagnosis in 1982.
[2] Her claim was denied because she failed to file the claim within two years of the date of John's death. *Page 1