OPINION
 I. Facts/Procedural Posture {¶ 1} Plaintiff-appellant, Michael D. Brink (hereinafter "Brink"), appeals the Defiance County Court of Common Pleas grant of summary judgment in favor of defendant-appellants, Olson Cold Storage, Ltd. (hereinafter "Olson") and the Ohio Bureau of Workers' Compensation (hereinafter "BWC") (collectively "defendants") on his workers' compensation claim.
 {¶ 2} Brink was an employee at Olson from approximately August 2000 to March 28, 2003. (Brink Depo. at 15, 24, 39); (Olson Depo. at 45, 61-62). Olson operates a food products warehouse. (Olson Depo. at 13-14). One of Brink's occupational duties required that he unload semi tractor-trailers of frozen turkeys and stack them in a warehouse freezer. (Brink Depo., at 24-25). *Page 3 
 {¶ 3} Sometime between November 2002 and March 2003 while performing his duties, Brink alleges that he injured his lower back. (Complaint at ¶ 4); (Brink Depo. at 91-92). Specifically, Brink alleges that as a result of this back injury he developed "sacroiliac sprain/strain, lumbar sprain/strain, and lumbar disc herniation L4-L5, L5-S1." (Complaint); (Brink Depo., Ex. E).
 {¶ 4} On January 29, 2003, Brink reported having "pain in his lower back" to his family physician, Dr. McCullough. (Brink Depo., Ex. A). Dr. McCullough diagnosed Brink with "LOW BACK PAIN WITH L5, S1 RADICULOPATHY[1] SYMPTOMS." Dr. McCullough's records also note that Brink had been seeing a chiropractor for several months and using ibuprofen for his pain. (Id.).[2] On February 28, 2003, Brink saw his chiropractor, Dr. Raye, for lower back pain and reported that he was stacking 900-1000 turkeys per day at Olson. (Defendant's Reply Memo. in support of Summary Judgment, Ex. A); (Dr. Raye's Affidavit at ¶ 3); (Brink Depo. at 84).
 {¶ 5} In April 2003, Olson laid Brink off. (Olson Depo. at 67-68); (Olson Depo., Ex. 2); (Brink Depo. at 39).[3] In September of 2004, an MRI revealed that Brink's L4-5 and L5-S1 discs were herniated. (Brink Depo., Ex. C). On October *Page 4 
7, 2004, Brink had back surgery to repair the herniated discs. (Id.). On July 20, 2005, Dr. Raye opined that Brink's back injuries were occupational in nature. (Dr. Raye's Affidavit at ¶ 6, 8).
 {¶ 6} On August 17, 2005, Brink filed a workers' compensation claim with the BWC. (Brink Depo., Ex. E). On October 12, 2005 an Ohio Industrial Commission ("OIC") District Hearing Officer determined that Brink's claim was not timely filed under R.C. 4123.84 and denied the claim. (Olson MSJ, Ex. A). Brink subsequently appealed, and on January 18, 2006, an OIC Staff Hearing Officer determined that Brink's claim was not timely under R.C. 4123.85 and denied the claim. (Id., Ex. B). Brink appealed again, and on January 28, 2006, an OIC Staff Hearing Officer denied the appeal. (Id., Ex. C).
 {¶ 7} On March 31, 2006, Brink filed a complaint in the Defiance County Court of Common Pleas pursuant to R.C. 4123.512. Thereafter, the defendants filed a motion for summary judgment alleging that Brink's claim was filed outside the applicable statute of limitations found in R.C. 4123.84. Brink filed a memorandum in opposition as well as a motion for summary judgment on the ground that R.C. 4123.28 tolled the statute of limitations.
 {¶ 8} On November 15, 2007, the trial court granted the defendants' motion, denied Brink's motion, and dismissed the action. It is from this judgment that Brink now appeals and asserts three assignments of error for review. *Page 5 
 II. Standard of Review {¶ 9} We review a decision to grant summary judgment de novo. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390 738 N.E.2d 1243, citingGrafton v. Ohio Edison (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is proper where: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C);Grafton, 77 Ohio St.3d at 105, citing State ex rel. Cassels v. DaytonCity School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219,631 N.E.2d 150.
 {¶ 10} Material facts are those facts "that might affect the outcome of the suit under the governing law." Turner v. Turner (1993),67 Ohio St.3d 337, 340, 617 N.E.2d 1123, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present `a sufficient disagreement to require submission to a jury' or is it `so one-sided that one party must prevail as a matter of law[?]'" Id., citing Liberty Lobby, Inc., 477 U.S. at 251-52.
 {¶ 11} Summary judgment should be granted with caution, resolving all doubts in favor of the nonmoving party. Perez v. Scripts-HowardBroadcasting Co. (1988), 35 Ohio St.3d 215, 217, 520 N.E.2d 198. "The purpose of summary judgment is not to try issues of fact, but is rather to determine whether triable *Page 6 
issues of fact exist." Lakota Loc. Schools Dist. Bd. of Edn. v.Brickner (1996), 108 Ohio App.3d 637, 643, 671 N.E.2d 578.
 III. Analysis ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN FINDING THAT THE APPLICABLE STATUTE OF LIMITATIONS IN THE INSTANT CASE IS THAT SET FORTH IN SECTION 4123.84 O.R.C. AND, THEREFORE, PLAINTIFF'S WORKERS' COMPENSATION CLAIM IS TIME-BARRED.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED IN NOT APPLYING THE ANALYSIS OF WHITE V. MAYFIELD (1988), 37 OHIO ST.3D11 AND O.R.C. 4123.85 TO PLAINTIFF/APPELLANT'S WEAR AND TEAR (GRADUAL ONSET) INJURY CLAIM.
 {¶ 12} In his first assignment of error, Brink argues that the trial court erred as a matter of law by applying the two-year statute of limitations found in R.C. 4123.84 and finding that his "wear and tear" injury claim was time-barred. As a corollary to his first assignment of error, Brink argues in his second assignment of error that the trial court erred by not applying the "occupational disease" statute of limitations found in R.C. 4123.85 and as explained by White v.Mayfield (1988), 37 Ohio St.3d 11, 523 N.E.2d 497. Specifically, Brink argues that "wear and *Page 7 
tear," "Village-type,"[4] and "gradual onset" injuries should be treated as "occupational diseases" for purposes of the statute of limitations.
 {¶ 13} Defendants, on the other hand, argue that "wear and tear,""Village-type," or "gradual onset" injuries are, nonetheless, a type of "injury"; and therefore, R.C. 4123.84 applies because its plain language covers "all cases of injury." In addition, defendants argue that applying R.C. 4123.85 would be in error because Brink's injury is not an "occupational disease" as defined in R.C. 4123.01(F) and State ex rel.Ohio Bell Tel. Co. v. Krise (1975), 42 Ohio St.2d 247, 327 N.E.2d 756. We agree.
 {¶ 14} When a court is interpreting a statute its primary goal is to ascertain and give effect to the legislature's intent in enacting the statute. State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606,861 N.E.2d 512, ¶ 9, citing Brooks v. Ohio State Univ. (1996), 111 Ohio App.3d 342,349, 676 N.E.2d 162. The court must first look to the statute's plain language to determine the legislative intent. Id., citing State ex rel.Burrows v. Indus. Comm. (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. When the statute's meaning is unambiguous and definite the court must apply it in a manner consistent with its plain meaning. Id., citingPortage Cty. Bd. of Commrs. v. Akron, 109 Ohio St.3d 106, 2006-Ohio-954,846 N.E.2d 478, ¶ 52, *Page 8 
citing State ex rel. Savarese v. Buckeye Local School Dist. Bd. ofEdn. (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463; Burrows,78 Ohio St.3d at 81.
 {¶ 15} The Ohio Revised Code provides two separate statutes of limitations for workers' compensation claims. R.C. 4123.84 provides, in pertinent part:
 (A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
 (1) Written or facsimile notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;
(Emphasis added). R.C. 4123.85 provides, in pertinent part:
 In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer.
(Emphasis added).
 {¶ 16} R.C. 4123.01 provides the following relevant definitions:
 (C) "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
 (1) Psychiatric conditions except where the claimant's psychiatric conditions have arisen from an injury or *Page 9 occupational disease sustained by that claimant or where the claimant's psychiatric conditions have arisen from sexual conduct in which the claimant was forced by threat of physical harm to engage or participate;
 (2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body;
 (3) Injury or disability incurred in voluntary participation in an employer-sponsored recreation or fitness activity if the employee signs a waiver of the employee's right to compensation or benefits under this chapter prior to engaging in the recreation or fitness activity;
 (4) A condition that pre-existed an injury unless that pre existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.
 * * *
 (F) "Occupational disease" means a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner from the public in general.
(Emphasis added). With the applicable statutes and definitions in view, we now proceed to the merits of this case.
 {¶ 17} Brink's argument lacks merit for three important reasons. First, the statute of limitations found in R.C. 4123.84 clearly states that it applies to "all *Page 10 
cases of injury." (Emphasis added). For purposes of Revised Code Chapter 4123, "injury" includes "any injury * * * received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C) (Emphasis added). "Wear and tear," "Village-type" and "gradual onset" injuries fall within R.C. 4123.01(C)'s definition of "injury" because it includes "any injury." According to its plain language, then, R.C.4123.84 applies to "wear and tear," "Village-type" and "gradual onset" injuries. Since this Court is required to adhere to the statute's plain language, we hold that R.C. 4123.84 applies to "wear and tear,""Village-type" and "gradual onset" types of injuries. Lowe,2007-Ohio-606, at ¶ 9.
 {¶ 18} Second, the Ohio Supreme Court has held "that an injury which develops over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)."Village v. Gen. Motors Corp. (1984), 15 Ohio St.3d 129, 133,472 N.E.2d 1079. R.C. 4123.01(C) is, as we have previously noted, the definition of an "injury" for purposes of Revised Code Chapter 4123. Thus, the Court in Village recognized that theses types of claims, now typically called "wear and tear," "Village-type" or "gradual onset" injuries, fall under the definition of "injury." Id. Since the Court in Village expressly held that these claims are "injury" claims, they must necessarily be included in "all cases of injury" within the plain meaning of R.C.4123.84 as well.
 {¶ 19} Third, for R.C. 4123.85 to apply it is not enough that the claim is analogous to an "occupational disease" as Brink argues; rather, the claim must *Page 11 
allege an actual "occupational disease" as defined by R.C. 4123.01(F) or as scheduled in R.C. 4123.68. (Appellant's Brief at 7, citingKenneth A. Rossler v. Barry (Nov. 29, 1990), Lucas C.P. No. 89-3291). An "occupational disease" that is not scheduled under R.C. 4123.68 is compensable if the following criteria are met:
 (1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally.
Krise, 42 Ohio St.2d at 253-54 (interpreting a prior version of R.C.4123.68, the schedule of occupational diseases). In other words, if it is not scheduled under R.C. 4123.68, it must be an "occupational disease" as the term is defined in R.C. 4123.01(F) in order for R.C.4123.85 to apply. See R.C. 4123.68 ("A disease which meets the definition of an occupational disease is compensable pursuant to this chapter though it is not specifically listed in this section.").
 {¶ 20} Brink alleged that as a result of this back injury he developed "sacroiliac sprain/strain, lumbar sprain/strain, and lumbar disc herniation L4-L5, L5-S1." (Complaint); (Brink Depo. Ex. E). None of these are scheduled occupational diseases under R.C. 4123.68. Thus, the only question is whether any *Page 12 
of these conditions are within R.C. 4123.01(F)'s definition of an "occupational disease."
 {¶ 21} In their reply memorandum in support of summary judgment, defendants alleged that Brink could not show that his conditions were "occupational diseases" under Krise and R.C. 4123.01(F). (R. at 48). In support of this argument, defendants attached the affidavit of Dr. James D. Brue, which provided, in pertinent part:
 4. Sacroiliac sprain/strain, lumbar sprain/strain and lumbar disc herniation at L4-5 and L5-S1 are not diseases.
 6. To a reasonable degree of medical certainty, Mr. Brink's diagnosis of sacroiliac sprain/strain, lumbar sprain/strain and lumbar disc herniation at L4-5 and L5-S1 is not peculiar to his employment at Olson Cold Storage, Ltd. either by their causes or characteristics of their manifestations.
 7. To a reasonable degree of medical certainty, Mr. Brink's sacroiliac sprain/strain, lumbar sprain/strain and lumbar disc herniation at L4-5 and L5-S1 did not arise as a result of a hazard which distinguishes Mr. Brink's employment at Olson Cold Storage, Ltd. in character from other employment generally.
 8. To a reasonable degree of medical certainty, Mr. Brink's employment at Olson Cold Storage, Ltd. did not create a risk of contracting sacroiliac sprain/strain, lumbar sprain/strain and lumbar disc herniation at L4-5 and L5-S1 in a greater degree or in a different manner than in the public generally.
(Affidavit of Dr. James D. Brue, at ¶¶ 4, 6-8; R. at 47). Once the defendants offered this evidence, the burden shifted to Brink to set forth specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue of material fact *Page 13 
existed for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. Brink did not present any evidence to demonstrate that his conditions might, in fact, be "occupational diseases"; and therefore, has failed to meet his summary judgment burden on this issue. Id.;Zestos v. Powertrain Div., 3d Dist. No. 4-01-29, 2002-Ohio-5096, ¶ 11, citing O.A.C. 4122-3-09(C)(3) ("The burden of proof is upon the claimant (applicant for workers' compensation benefits) to establish each essential element of the claim by preponderance of the evidence. Essential elements shall include, but will not be limited to: * * * (b) That the application was filed within the time as required by law[.]"). See also, Cook v. DaimlerChrysler Corp. (May 1, 2007), Lucas C.P. No. CI 200604151.
 {¶ 22} Since Brink failed to submit any evidence showing that his conditions constituted "occupational diseases" as defined in R.C.4123.01(F) and Krise, the trial court properly granted summary judgment in the defendants' favor as to whether R.C. 4123.85 applied in this case.
 {¶ 23} For all these aforementioned reasons, Brink's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED IN FINDING THAT NOTHING IN THE EVIDENTIARY MATERIALS BEFORE THE COURT DEMONSTRATE [SIC] THAT THE STATUTE OF LIMITATIONS WOULD BE TOLLED UNDER THE PROVISIONS OF O.R.C. 4123.28 *Page 14 
 {¶ 24} In his third assignment of error, Brink argues that the trial court erred in finding that nothing in the evidentiary materials demonstrate that R.C. 4123.28's tolling provision applies. Brink alleges that the trial court "confus[ed] the application of R.C. 4123.85 and theWhite/Svet analysis with a completely separate legal theory of an extension of any applicable statute of limitations as provided for in 4123.28." (Appellant's Brief at 15). Brink further alleges that Olson knew that Brink injured his back while working, and that Olson had knowledge of Brink's seven or more days of total disability when he was laid off. Brink concludes that Olson's failure to file a report following his lay off triggered R.C. 4123.28's tolling provision and his claim was thereby timely.
 {¶ 25} The defendants, on the other hand, argue that R.C. 4123.28's tolling provision does not apply because Olson never had knowledge of an occupational injury or disease that resulted in seven or more days of total disability. Although we agree with Brink that the trial court failed to correctly analyze the applicability of R.C. 4123.28, we are not persuaded that the statute applies in this case.
 {¶ 26} A. Trial Court's Analysis
 {¶ 27} Two questions were presented to the trial court subjudice: (1) whether the statute of limitations for "injuries," set forth in R.C. 4123.84, or the statute of limitations for "occupational diseases," set forth in R.C. 4123.85, applies for purposes of "wear and tear," "Village-type" and "gradual onset" injury claims; and (2) whether R.C. 4123.28's tolling provision applied to the applicable statute *Page 15 
of limitations — either R.C. 4123.84 or 4123.85. The trial court, however, conflated these two distinct issues in its analysis. The trial court stated:
 Plaintiff here contends that Plaintiff's claim was not diagnosed as occupational until July of 2005 and, as such, his August of 2005 filing would be timely under White/Svet analysis. In response, Defendants argue that nothing in the evidentiary materials before the court demonstrates that the statute of limitations would be tolled under the provisions of 4123.28. The Defendants are correct in this assertion.
(Nov. 15, 2007 JE at 4).
 {¶ 28} Brink raised the White/Svet analysis to argue that his claim was timely filed under R.C. 4123.85, the "occupational disease" statute of limitations, citing White, 37 Ohio St.3d 11; Svet v. Mayfield (1989),56 Ohio App.3d 17, 564 N.E.2d 735. The White/Svet analysis, however, is irrelevant to whether or not R.C. 4123.28's tolling provision applies.
 {¶ 29} R.C. 4123.28 provides, in pertinent part:
 Every employer in this state shall keep a record of all injuries and occupational diseases, fatal or otherwise, received or contracted by his employees in the course of their employment and resulting in seven days or more of total disability. Within a week after acquiring knowledge of an injury or death therefrom, and in the event of occupational disease or death therefrom, within one week after acquiring knowledge of or diagnosis of or death from an occupational disease or of a report to the employer of the occupational disease or death, a report thereof shall be made in writing to the bureau of workers' compensation upon blanks to be procured from the bureau for that purpose. The report shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address, nature and duration of occupation of the injured, disabled, or deceased employee and the time, the nature, and the *Page 16 cause of injury, occupational disease, or death, and such other information as is required by the bureau.
 * * *
 Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations for the filing of a claim based on the injury or occupational disease, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years.
(Emphasis added). By its plain language, R.C. 4123.28's records keeping and reporting provisions apply to both "injuries" and "occupational diseases." The statute's tolling provision also lists both "injury" and "occupational disease." The tolling provision's language also indicates that it applies to "the applicable statute of limitations" — namely, either the "injury" statute of limitations or the "occupational disease" statute of limitations. R.C. 4123.28's tolling provision has also been applied by Courts in Ohio to both statutes of limitation. See e.g.,Simoudis v. Ford Motor Co. (2001), 143 Ohio App.3d 125, 757 N.E.2d 796
(applying R.C. 4123.28's tolling provision to the "injury" statute of limitations in R.C. 4123.84); Lahoud v. Ford Motor Co. (1993),91 Ohio App.3d 149, 631 N.E.2d 1114 (applying R.C. 4123.28's tolling provision to the "occupational disease" statute of limitations in R.C. 4123.85).
 {¶ 30} Accordingly, whether R.C. 4123.28's tolling provision applies is separate and apart from whether Brink's claim was timely under theWhite/Svet *Page 17 
analysis. Thus, the trial court failed to properly address this issue in its judgment entry.
 {¶ 31} B. Applicability of R.C. 4123.28's Tolling Provision SubJudice
 {¶ 32} Since the trial court inappropriately conflated Brink's arguments and our review on summary judgment is de novo, we must independently determine whether or not R.C. 4123.28's tolling provision applies in this case. We find that it does not apply.
 {¶ 33} R.C. 4123.28's tolling provision applies when the employer has knowledge of an injury or occupational disease received or contracted by his employee within the course of his/her employment, which results in seven days or more of total disability, and the employer fails to file the appropriate report with the BWC. R.C. 4123.28; Wall v. Trimble
(1996) 116 Ohio App.3d 79, 83, 686 N.E.2d 1152; Lahoud,91 Ohio App.3d at 152; Headings v. Ranco, Inc., 3d Dist. No. 14-04-33, 2005-Ohio-1095, ¶ 14.
 {¶ 34} In the case sub judice, Brink has failed to show that Olson had knowledge of an employment injury, which resulted in seven or more days of total disability. First, the evidence presented by Brink was, at most, casual conversations about having a sore back from lifting things at work. This is evident from the fact that when Brink stated his back was hurting, the manager, "* * * never really answered me. He just would kind of laugh it off. Tell you to slow down." (Brink Depo. at 30). Casual conversations about aches and pains at work *Page 18 
do not impart the employer with knowledge of an injury during the course of or arising out of an employee's employment sufficient to trigger R.C.4123.28's reporting and tolling provisions.
 {¶ 35} Furthermore, Olson testified that the only conversation that he had with Brink about his back pain was when he asked Brink about pain medication. (Olson Depo. at 54-55). Olson testified that he asked Brink about what medication he was using because he knew Brink suffered an injury when he was younger. (Id. at 55). Olson denied having any knowledge that Brink injured his back while employed at Olson. (Olson Depo. at 53-55).
 {¶ 36} Brink argues that the manner in which Olson obtained the information that he was injured is irrelevant, citing Lahoud,91 Ohio App.3d at 152. Lahoud is, however, distinguishable. Unlike Olson, the employer in Lahoud was a self-insuring employer, which means that the employer was held to a higher standard. 91 Ohio App.3d at 152, citingWargetz v. Villa Sancta Anna Home for the Aged (1984), 11 Ohio St.3d 15,17, 462 N.E.2d 1215. Also unlike Brink, the employee in Lahoud gave the employer two medical reports indicating that he had an occupational disease. Id. at 151-152. Brink claimed that he gave the manager medical slips but none where presented in evidence nor did any of Brink's physicians state they gave Brink medical slips in their affidavits. (Brink Depo. at 31). Finally, Lahoud's proposition that the manner in which the employer obtains knowledge is irrelevant was not a holding but dicta. To the extent it was relevant *Page 19 
to the holding, it should be limited to the opinion's context — a claim filed against a self-insuring employer. Thus, we do not findLahoud persuasive in this case.
 {¶ 37} Second, Brink also failed to show that Olson had knowledge of seven or more days of total disability. Brink alleges that he was laid off because of his back injury; that he was laid off for more than seven days; and, that this provided Olson with knowledge of his seven or more days of total disability. In support of this assertion, Brink points out that when he was laid off, Scott Olson told him to "take time off and get [his] back healed." (Brink Depo. at 60). Even assuming that Olson made this statement, this statement does not mean that Brink was laid off because of his alleged back injury. Olson testified that Brink was laid off because of a slow-down in business, and that Brink volunteered to be laid off because he was "in the best position to take it." (Olson Depo. at 62-63).
 {¶ 38} Based upon this evidence, we cannot conclude that Olson had knowledge of an injury or occupational disease received or contracted by Brink within the course of his employment, which resulted in seven days or more of total disability. Therefore, R.C. 4123.28's tolling provision does not apply, and the trial court did not err in granting summary judgment in Olson's favor because Brink's claim was untimely filed. R.C.4123.28; Trimble, 1
 {¶ 39} 16 Ohio App.3d at 83; Lahoud, 91 Ohio App.3d at 152;Headings, 2005-Ohio-1095, at ¶ 14.
 {¶ 40} Brink's third assignment of error is, therefore, overruled. *Page 20 
 IV. Conclusion {¶ 41} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur.
[1] "Disease of the spinal nerve roots." STEDMAN'S MEDICAL DICTIONARY (1982) 1187.
[2] Brink visited his chiropractor, Dr. Raye, for back pain on: Nov. 30, 1999; Nov. 14, 2000; Feb. 26, 2001; May 7, 2001; Aug. 6, 2001; Jun. 25, 2002; and Feb. 28, 2003. (Brink Depo. Ex. B).
[3] The record has conflicting dates for Brink's final day at Olson's. Brink testified that Apr. 28, 2003 was his final day. (Brink Depo. at 39). Olson testified that Mar. 28, 2003 was Brink's final day and presented business records to support that date. (Olson Depo. at 67-68); (Olson Depo., Ex. 2). The BWC District Hearing and Staff Hearing Officers both used April 2003 as Brink's final day at Olson's, and we incorporate that date for purposes of this opinion. (Olson's MSJ, Exs. A B).
[4] The term "Village-type" is derived from the Ohio Supreme Court's opinion in Village v. Gen. Motors Corp. (1984), 15 Ohio St.3d 129,472 N.E.2d 1079 wherein the Court held that "an injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)." *Page 1